**William M. ACKERMAN, Petitioner,**

v.

**Palmer C. SCAFATI, Superintendent of the Massachusetts Correctional Institution at Walpole, Massachusetts, Respondent.**

**Misc. Civ. No. 69–41.**

United States District Court,
D. Massachusetts.

March 29, 1971.

Thomas H. Walsh, Jr., Bingham, Dana & Gould, Boston, Mass., for petitioner.

Robert H. Quinn, Atty. Gen., Charles E. Chase Asst. Atty. Gen., Commonwealth of Massachusetts, Boston, Mass., for respondent.

## MEMORANDUM

### FRANK J. MURRAY, District Judge.

This is a petition for a writ of habeas corpus by a state prisoner, 28 U.S.C. § 2254. He was convicted of rape by a judge of the Superior Court of Massachusetts sitting without a jury. The judgment of conviction was affirmed by the Supreme Judicial Court, Commonwealth v. Ackerman, 1969 Mass.Adv.Sh. 1144. A motion for rehearing by that court was denied. He then brought this petition.

The amended petition alleges petitioner is in custody in violation of the Fourth, Sixth and Fourteenth Amendments of the United States Constitution. Specifically it is asserted that (a) the search warrant authorizing search of his motor vehicle was invalid and the articles seized under the warrant were improperly introduced in evidence, (b) the identification procedures before trial were impermissibly suggestive and improperly influenced the courtroom identification of the defendant at the trial, (c) petitioner was denied effective assistance of counsel, and (d) no medical testimony was offered to corroborate the testimony of the prosecutrix. This last ground raises no constitutional issue and will not be considered. All other grounds alleged in the original petition are no longer urged.[1]

The state court record including transcript of the trial testimony was in evidence. It discloses petitioner took no exceptions to any rulings of the trial judge on the constitutional issues. The record on appeal to the Supreme Judicial Court contains only two assignments of error: (1) admission of a police officer's testimony of petitioner's statements to him, and (2) denial of motion for new trial grounded on alleged unconstitutional police line-up identification procedures. Petitioner's brief on appeal extensively argued all the constitutional issues raised here. The abbreviated rescript opinion affirming the judgment of conviction makes no express reference to the assignments of error or the constitutional issues briefed. The Supreme Judicial Court pointed out that petitioner had counsel at the trial, and refused court-appointed counsel on the appeal, and added merely "[t]he reported testimony shows that the charge was convincingly proved in detail. No question worthy of discussion has been raised."

The case was heard here on the undisputed state court record, and, because it appeared the factual matters on the constitutional issues were not adequately developed in the state court, on testimony of witnesses called by the parties. The findings and rulings in this memorandum dispose of the contentions made by the parties.

■ Petitioner exhausted his available state court remedies by his appeal to the Supreme Judicial Court. It is true, as respondent contends, that petitioner did not save exceptions at the trial on the constitutional points, and that an assignment of error under Mass.Gen.Laws ch. 278, §§ 33A–33G, brings nothing to the Supreme Judicial Court for review unless based on a valid exception, Commonwealth v. Gray, 314 Mass. 96, 102, 49 N.E.2d 603 (1943). Nevertheless, the Supreme Judicial Court did not dispose of the appeal on that ground, even though it might have done so. Petitioner presented in his brief every constitutional issue raised here, and thereby afforded opportunity to that court to ap-

---

1. Petitioner waived in this court his previous claim of an involuntary waiver of a jury trial in the state court. Also mentioned in a hearing before this court but not pressed was a claim of due proc-
ess denial of a fair trial because the court stenographer failed to record the bench conferences. There is no merit in this claim.

ply the controlling principles to the factual basis of his constitutional claims. Under 28 U.S.C. § 2254(d), that is all he is required to do. Connor v. Picard, 434 F.2d 673, 674 (1st Cir. 1970); United States ex rel. Kemp v. Pate, 359 F.2d 749, 751 (7th Cir. 1966). The respondent further contends that the failure to save exceptions at the trial on the constitutional issues was intentional, and was a decision to by-pass deliberately the orderly procedures for appellate review. It is important to note, however, that the state court raised no question of the appeal being rightfully before it, and did not declare, as it might have, that petitioner had waived or forfeited his right to raise the constitutional issues in the record on appeal. Since the appeal was disposed of by affirming the judgment of conviction after consideration of the testimony and by determining that "[n]o question worthy of discussion has been raised," this court will not demand a more exacting compliance with state court procedure. Anders v. Turner, 379 F.2d 46, 49 (4th Cir. 1967); Johnson v. Bennett, 414 F.2d 50, 58 (8th Cir. 1969) (Lay, J., concurring). Accordingly, the court finds the affirmance of petitioner's conviction was on the merits. *See* Warden v. Hayden, 387 U.S. 294, 297 n. 3, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Anders v. Turner, *supra*; Johnson v. Bennett, *supra*.

Turning now to the claim that the police pretrial identification procedures violated petitioner's due process rights, the record shows the rape took place August 28, 1966, the identification procedures on August 29, and the trial began October 31, 1966. Thus the pretrial identification procedure decisions of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) do not apply. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Nonetheless petitioner is entitled to relief if the procedures were so unnecessarily suggestive and conducive to irreparable mistaken identification, or the very substantial likelihood of irreparable mis-identification, that allowing prosecutrix to make an in-court identification would be a denial of due process.

The showup at the police station for all practical purposes was a one-man viewing of petitioner as the sole suspect. This was unduly suggestive and was not required by any emergency. The use of the identification bulletins bearing the words "Notices of Release of Sexual Offenders", with petitioner's photographs among them, was also unnecessarily suggestive. Both procedures were improper to establish identification. The prosecutrix gave in-court identifications of the petitioner at the trial and testified to her identification of him through the photographs and the showup at the police station. The test whether petitioner was denied due process depends upon whether her courtroom identification can be sufficiently distinguishable from any taint of the pretrial procedures as to have had an independent source.

At the trial the prosecutrix testified in detail as to her observations of the defendant, his conduct and statements, in the circumstances which preceded, attended and followed the rape. This covered a period of observation of about forty-five minutes. She testified she gave the police a description of her assailant. She identified the petitioner twice at the trial, saying there was no question in her mind as to the identification. She had never seen the petitioner before the day of the rape. After the showup in the police station, she did not see him again until the trial in the Superior Court. In this court the prosecutrix testified that her in-court identifications rested on her recollection of the observations she made when she saw him at the time and place of the rape. The record is clear that the prosecutrix had ample initial opportunity for observation of petitioner, much of it face-to-face confrontation. As the victim of a rape accomplished by threats against her

life by one armed with a gun and knife, she was motivated to make a careful observation of her assailant at all times while he was in her presence. It is understandable that she would be possessed of a desire to make and retain an image of the perpetrator of the crime. She never expressed any uncertainty at any time as to her in-court identifications. The impermissible pretrial identifications took place the day following the rape, and were not repeated thereafter. The court is satisfied the in-court identifications had an independent source unaffected by any taint of the pretrial procedures, and that there is no violation of petitioner's constitutional rights in permitting the courtroom identification to stand as a factor of his conviction.

As to the claimed violation of petitioner's search and seizure rights, it is argued that the search warrant should not have been issued because the affidavit did not provide a sufficient basis for a finding of probable cause, and that consequently the gun, knife and knife sheath obtained in the search were inadmissible in evidence. An examination of the affidavit shows it is defective as petitioner contends, and insufficient to support issuance of the warrant. *See* Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Dumbra v. United States, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032 (1925); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). However, the effect on petitioner's conviction of the warrant, and the gun, knife and sheath, requires consideration of additional factors, including validity of petitioner's claim of ineffective assistance of counsel at the trial.

The defense at the trial was alibi. Before trial, petitioner told his trial attorney that he was innocent of the rape; that there were two witnesses who would testify petitioner was elsewhere than at the scene of the rape at the time of the rape; that at the time of his arrest he told the police he possessed a gun, a knife and sheath, and they were in his car; that he gave the police the keys to his car; that he had a prior conviction of statutory rape involving assault. After discussing with petitioner these and other aspects of the case, including the invalidity of the search warrant, and after further discussions with petitioner's wife and mother-in-law, the attorney advised that the wisest course was to proceed with a trial before a judge without a jury, and to forego an attack upon the search warrant and objections to the admissibility of the gun, knife and sheath. Petitioner emphasized his innocence and approved the trial strategy of his attorney. The hearing before trial as shown in the state court record as to the warrant, and the search under it, appears to deviate from the agreed upon strategy. But it does not follow that there was indeed any change in trial strategy. The state court record is silent as to the conferences between the trial judge, the district attorney and petitioner's attorney before and after the pretrial hearing on the warrant. There were conferences at the bench, but none were reported. The record shows no ruling relating to the warrant, and shows no objections to the admission in evidence of the items seized under the warrant. Petitioner's wife and two other witnesses testified that he was home at a time the prosecutrix testified he was with her at the scene of the rape. The petitioner's case in all respects was presented to the court consistent with his claim of innocence and his alibi.

The question raised by petitioner of ineffective representation by trial counsel is limited to whether the representation he received at the trial was so deficient that it amounted to a denial of assistance of counsel. The judicial inquiry is not an evaluation of the quality of the defense offered, but to determine whether the proceeding was *not* a fair trial because of the incompetence or disloyalty of counsel. To put it another way, the question is: Did the conduct of counsel acting for the accused render the trial a mockery and a farce and thus de-

prive his client of a trial in a real sense? In Scott v. United States, 334 F.2d 72, 73 (6th Cir.), cert. denied, 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48 (1964), it was stated: "Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail."

The acts or omissions of the trial attorney of which petitioner complains involve judgments made or tactics used by the attorney during trial concerning the search warrant and the articles seized under it. Petitioner knew in advance what strategy would be employed and what tactics would be used, and his claims, now raised after conviction, do not rise even to the doubtful value of hindsight. That the defense of alibi on which the strategy and tactics of his counsel were based, with petitioner's (and his family's) consent, did not prevail, creates no post-conviction rights in favor of petitioner. Clearly there was no violation of petitioner's right to effective assistance of counsel by the conduct of his attorney at the trial.

The articles seized under the warrant and introduced in evidence related to the question of identification of petitioner as the perpetrator of the rape. Petitioner had told the police when arrested that on the day of the rape he was in the area described by the prosecutrix, had been hunting, and had a shotgun and a knife. These statements were admitted at the trial without objection, and no question is raised in this proceeding that they were constitutionally inadmissible. Viewed in the light of all the evidence, the gun, knife, and sheath were cumulative on the issue of identification. If the admission in evidence of these items was error, which is not the view expressed here, this court finds the admission to have been harmless beyond a reasonable doubt. *See* Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

Accordingly, the petition is dismissed and the writ is denied.