Stephen L. COVIELLO, Plaintiff,

v.

COMMONWEALTH OF MASSACHU-SETTS, William Callahan, Commissioner of Corrections, Defendants.

Civ. A. No. 80–1177–C.

United States District Court,
D. Massachusetts.

Dec. 21, 1981.

Stephen L. Coviello, pro se.

Susan Dunn, Warner & Stackpole, Boston, Mass., for plaintiff.

Annette C. Benedetto, Leo J. Cushing, Asst. Attys. Gen., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

The petitioner, Stephen L. Coviello, is an inmate at the (Massachusetts) Southeastern Correctional Center-Fort in Bridgewater, Massachusetts. In November of 1977, the petitioner was convicted by a jury of two counts of rape and was sentenced to two concurrent terms of seven to ten years. An appeal was taken to the Massachusetts Appeals Court which reversed the two convictions and set aside the jury verdicts. *Commonwealth v. Coviello*, 7 Mass.App. 21, 384 N.E.2d 1265 (1979). The Commonwealth then obtained further appellate review before the Supreme Judicial Court. The Supreme Judicial Court reversed the Appeals Court and reinstated the jury verdicts. *Commonwealth v. Coviello*, 378 Mass. 530, 392 N.E.2d 1042 (1979). The petitioner has served three years of his sentence and now has sought relief by means of an application for a writ of *habeas corpus*. The matter is now before the Court on the Commonwealth's motion to dismiss for failure to exhaust state remedies as required by the federal *habeas corpus* statute, 28 U.S.C. § 2254.

In his application for a writ of *habeas corpus*, the petitioner raises five distinct grounds for relief. He alleges two claims of ineffective assistance of counsel: first at the trial level and then during his subsequent appeal. Further, he raises two evidentiary points.[1] Finally, he alleges that he was denied due process by the use of certain prior convictions for impeachment purposes during his jury trial. This last ground has been raised for the first time in this petition. I rule that, of the five grounds for relief presented to this Court, the petitioner has exhausted available state remedies on the two evidentiary grounds; but has failed to exhaust available state remedies with respect to the remaining three grounds.

Turning first to the evidentiary issues, it is well-settled that, in order for available remedies to be exhausted, a particular issue must be fairly presented to the state court. To determine whether a claim has been fairly presented, a federal court may look beyond the opinion of the highest state court and consider both the appellate briefs and any intermediate appellate court decisions. *Smith v. Digmon*, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Daugharty v. Gladden*, 257 F.2d 750 (9th Cir., 1958); *see also Ackerman v. Scafati*, 328 F.Supp. 386 (D.Mass., 1971). Thus, before a petitioner will be heard on application for *habeas corpus* relief, he must have presented the state courts with the substance of

---

1. The original *habeas corpus* petition was drafted by the petitioner without the aid of counsel. Adopting a reading most favorable to the petitioner, the Court considers the petitioner to have raised the evidentiary issues which were considered in the opinions of the Appeals Court and Supreme Judicial Court.

the various points raised in the petition in order that the state have a full opportunity to decide the issue.

■ It is clear that the two evidentiary issues were fairly presented to the highest state court. The Supreme Judicial Court, in reinstating the defendant's conviction, discussed at length the legal issue pertaining to the introducing of the defendant's prior convictions during his testimony at trial. While the Court did not consider the issue of the introduction of prior bad acts, the issue was fully recited in the opinion of the Appeals Court. 7 Mass.App. 21, 384 N.E.2d 1265 (1979). Further, both sides addressed the issue in their briefs submitted to the Supreme Judicial Court. *See Smith v. Digmon, supra.* Consequently, I rule that, as to the two foregoing issues, the respondents' motion to dismiss for failure to exhaust state remedies should be, and hereby is, denied.

■ It is also clear, with respect to the two claims of ineffective assistance of counsel, the petitioner has made no attempt to exhaust available state court remedies. First, the petitioner claims that his attorney failed to introduce favorable medical evidence during his jury trial.[2] Second, he alleges that, during oral argument before the Supreme Judicial Court, his attorney improperly waived the issue of the admissability of certain evidence. See 530 Mass. 378, 392 N.E.2d 1042. Neither of these two issues has been raised in any prior proceeding and, consequently, the state courts have not had a fair opportunity to pass on the merits of the claims by petitioner. Therefore, with respect to both claims of ineffective assistance of counsel, the respondents' motion to dismiss for failure to exhaust state remedies should be, and hereby is, allowed.

The fifth and final ground alleged by the petitioner is also raised for the first time by this application for *habeas corpus.* During his testimony at trial, the petitioner was impeached by the introduction of two prior convictions for wanton, lewd and lascivious speech and behavior. Since the trial and convictions in 1977, the Supreme Judicial Court has declared the state statute under which the convictions were obtained to be unconstitutionally vague. *Commonwealth v. Sefranka,* —— Mass. ——, Mass.Adv.Sh. (1980) 2487, 414 N.E.2d 602. The petitioner argues that the use of his prior invalid convictions for impeachment purposes deprived him of due process. Further, the petitioner contends that, because the issue has been recently decided by the state court, this Court should not dismiss this particular claim. *See Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *Kanteles v. Wheelock,* 439 F.Supp. 505 (D.N.H.1977).

■ The petitioner's argument is overly simplistic. In *Sefranka,* the Court decided only that the particular statute was improperly vague and then supplied a specific narrow construction so that the statute would comply with constitutional standards. —— Mass. ——, Mass.Adv.Sh. (1980) at 2497, 414 N.E.2d 602. The Supreme Judicial Court has yet to address the crucial aspect of the petitioner's claim: whether the *Sefranka* decision should be retrospectively applied to situations where invalid convictions were used *solely* for impeachment purposes during the trial of an entirely distinct offense. The petitioner's argument that the Supreme Judicial Court is bound by *Commonwealth v. Cook,* 371 Mass. 832, 359 N.E.2d 949 (1977) is invalid. The *Cook* decision is limited to situations where "uncounselled" convictions are used to impeach the credibility of a defendant. *Id.* at 834, 359 N.E.2d 949. It is not for this Court to decide, in the first instance, whether the decision in *Cook* should be extended to include convictions used for impeachment which are invalid in light of the holding in *Sefranka.* Comity demands that the Supreme Judicial Court be given a fair opportunity to resolve this question. Consequently, I rule that, with respect to the previous issue, the respondents' motion to dismiss for failure to

---

2. The petitioner makes no more than a vague reference to favorable medical testimony. There is nothing in the record to support his allegation that such evidence existed.

exhaust available state remedies should be, and hereby is, allowed.

In light of the foregoing memorandum, this Court will retain jurisdiction over the two evidentiary claims. The remaining issues are dismissed without prejudice and may be renewed if and when available state remedies have been exhausted. *See Miller v. Hall*, 536 F.2d 967 (1st Cir. 1976).

So ordered.