Grant v. NH State Prison          CV-95-371-M    08/23/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Eric Grant,
       Petitioner,

       v.                                      Civil No. 95-371-M

New Hampshire State Prison Warden,
       Respondent.


O R D E R


       Currently before the court is petitioner's motion for
appointment of counsel.  For the reasons discussed below, the
motion is held in abeyance pending amendment of the original
petition for writ of habeas corpus.


BACKGROUND

       Petitioner, Eric Grant, is a prisoner at the New Hampshire
State Prison, serving a 27 year to life sentence for second
degree murder.  On July 31, 1995, Grant filed a petition for writ
of habeas corpus with this court, alleging that "[p]etitioner did
not make a knowing intelligent or voluntary guilty plea because
he was under the influence of psychoactive medication and was
suffering from depression at the time of his pleas."  The

petition further avers that "[p]etitioner was denied the effective assistance of counsel."

On the same date that Grant filed his petition, he also filed the motion for appointment of counsel now under consideration.  In support of his motion, petitioner contends he has "insufficient legal knowledge or expertise to represent himself and present further legal argument in support of his petition for writ of habeas corpus."  Petitioner represents to the court that "there are facts and law in dispute that are complicated and substantial enough for the Court to appoint Counsel."

DISCUSSION

28 U.S.C § 2254 sets the applicable standard and criteria that must be followed prior to addressing a petition for writ of habeas corpus.  Succinctly stated, 28 U.S.C. § 2254(b) provides that federal habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the State . . . ."  Within the context of 28 U.S.C § 2254, prior to a petitioner being heard on an application for writ of habeas corpus in federal court, a state court must have had a

full opportunity to decide the issues presented in the petition. Coviello v. Massachusetts, 528 F. Supp. 916, 917-918 (D. Mass. 1981). For remedies to be considered "exhausted" relative to a claim presented for federal habeas review, the particular claim must have been fairly presented and addressed at the state level. Id. at 917; Pitchess v. Davis, 421 U.S. 482, 490 (1975) (respondent failed to exhaust available state remedies on the claim which formed the basis for the unconditional writ, thereby warranting no relief for the claim); Picard v. Connor, 404 U.S. 270 (1971) (exhaustion of state remedies is required as a prerequisite to consideration of each claim sought to be presented in federal habeas). In determining whether a claim articulated in a habeas petition has been fairly presented, a federal court may look to the opinion of the highest state court, the appellate briefs submitted by the parties, or any intermediate appellate court decisions. Id.; Smith v. Digmon, 434 U.S. 332 (1978).

In the case at hand, Grant raises two grounds for habeas relief. First, he alleges his plea of guilty was unlawfully induced, obtained involuntarily, and made without any understanding of the nature of the charges against him and the

3

consequences of his plea.  Second, Grant contends he was denied effective assistance of counsel.

Although petitioner has facially articulated recognized grounds for habeas consideration, he has failed to satisfy the court that he has fully exhausted his state remedies on these claims.  He simply presents an Order from the New Hampshire Supreme Court which states:

> Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is not necessary for the disposition of this appeal. The decision below is affirmed.

The Order does not show that petitioner raised in the state courts the specific claims upon which he now seeks federal habeas relief.  This being the case, petitioner has not sufficiently established that he has exhausted available state judicial remedies, a necessary prerequisite for invocation of federal review.  Petitioner shall, therefore, be allowed thirty (30) days from the date of this order in which to cure the deficiency by filing an amended petition which demonstrates that he has exhausted all available state review of the issues he seeks to raise.  Until such cure, any motions pertaining to the petition

4

for writ of habeas corpus, including the motion for appointment of counsel, will be held in abeyance.  Failure to cure the deficiency by the time prescribed will result in dismissal of the petition.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

August 23, 1995

cc:  Eric Grant, pro se

5