COMMONWEALTH *vs.* ROBERT EVERETT COOK.

Suffolk.    December 6, 1976. — February 4, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Error,* Whether error harmful.   *Practice, Criminal,* Assistance of counsel.   *Constitutional Law,* Assistance of counsel.   *Evidence,* Impeachment of credibility, Prior conviction.

In the circumstances, a defendant convicted of murder in the second degree was entitled to a new trial because five apparently uncounseled convictions of assault and battery resulting in jail sentences were introduced by the Commonwealth for the purpose of impeaching the defendant's credibility. [833-834]

MOTION for a new trial filed in the Superior Court on June 5, 1975.

A question of law was reported to the Appeals Court by *Dwyer,* J. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Dyanne Klein Polatin* for the defendant.

*Timothy M. Burke* (*Newman A. Flanagan,* Assistant District Attorney, with him) for the Commonwealth.

BRAUCHER, J.    The defendant's conviction of murder in the second degree was affirmed in *Commonwealth* v. *Cook,* 351 Mass. 231, cert. denied, 385 U.S. 981 (1966). Thereafter he sought a new trial under G. L. c. 278, § 29, and the judge reported the case to the Appeals Court without decision under G. L. c. 278, § 30A, so far as necessary to present the following question: "Was the defendant denied due process of law by the admission of the uncounseled records of conviction in the absence of any limiting instruction by the trial judge." We transferred the case here on our own motion and answer the question in the affirmative.

A statement of agreed facts discloses that an eyewitness testified to the shooting of the victim by the defendant. That testimony was corroborated in several ways, but the credibility of the eyewitness was impeached by prior inconsistent statements and by her failure to tell the grand jury on her first appearance before them that she had witnessed the murder. The principal corroborating witness incriminated the defendant only after being interrogated by the police thirty to fifty times and being threatened with prosecution as an accessory. A verdict of acquittal was directed for a codefendant, and the codefendant and the defendant both testified that the shooting had been done by the codefendant's brother, who was dead at the time of trial. To impeach the defendant's credibility, the Commonwealth put in evidence records of five convictions of assault and battery resulting in jail sentences and of one conviction of taking part in an affray, which resulted in a suspended fine. No limiting instructions were given or requested, and no exception was claimed either to the admission of the records or to the absence of limiting instructions. Neither the prosecutor nor the defendant made any comments on the convictions in summation. There is evidence in the probation file of representation by counsel in the affray case, but no proof of representation or waiver in any of the five assault and battery cases.

The use of a conviction of crime, resulting in a jail sentence, to impeach the credibility of a criminal defendant is clear error of constitutional dimension unless the Commonwealth establishes that he had or waived counsel. *Loper* v. *Beto*, 405 U.S. 473, 483 (1972). See *Carey* v. *Zayre of Beverly Inc.*, 367 Mass. 125, 127 (1975), and cases cited. We apply the rule retroactively, and do not insist on exceptions where counsel could not have anticipated the ground of objection. See *Subilosky* v. *Commonwealth*, 358 Mass. 390, 395 n.7 (1970). Since no limiting instructions were requested or given, we do not consider what effect limiting instructions might have had. See *Gilday* v. *Scafati*, 428 F.2d 1027, 1029 (1st Cir.), cert. denied, 400 U.S. 926 (1970); cf. *Commonwealth* v. *DiMarzo*, 364

Mass. 669, 681 (1974) (Hennessey, J., concurring). The only serious question in the present case is whether the error was harmless beyond a reasonable doubt.

The defendant was not impeached by the proper admission of more recent or more serious convictions than the uncounseled convictions, as in *Gilday* v. *Commonwealth,* 355 Mass. 799 (1969), *Commonwealth* v. *Brown,* 2 Mass. App. Ct. 76, 83 (1974), and *Gilday* v. *Scafati, supra* at 1032. Nor did he open up the subject of his prison record, as in *Subilosky* v. *Commonwealth, supra* at 396, and *Subilosky* v. *Moore,* 443 F.2d 334, 336 (1st Cir.), cert. denied, 404 U.S. 958 (1971). Five convictions of assault and battery, each resulting in a jail sentence, were not harmless by reason of their "dubious significance." Cf. *Commonwealth* v. *Boudreau,* 362 Mass. 378, 382 (1972). Although the case against the defendant was a strong one, we are left with a reasonable doubt whether the error was harmless. Cf. *Commonwealth* v. *Barrett,* 3 Mass. App. Ct. 8, 17-18 (1975); *Howard* v. *Craven,* 446 F.2d 586, 587 (9th Cir. 1971). In the circumstances of this case, the defendant is entitled to a new trial. We answer the question "Yes," and remand for proceedings consistent with this opinion.

*So ordered.*