COMMONWEALTH *vs.* JUAN PAGAN.

Worcester. December 3, 1979. — February 7, 1980.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, & LIACOS, JJ.

*Evidence,* Impeachment of credibility, Prior conviction. *Practice, Criminal,* Prior conviction. *Error,* Harmless.

The Commonwealth's use of prior convictions to impeach a defendant's credibility did not, in the circumstances, deny him a fair trial even though the prior convictions were subsequently vacated. [770-771]

INDICTMENT found and returned in the Superior Court on September 30, 1975.

The case was tried before *Abrams,* J., and a motion for a new trial was heard by *Meagher,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

The case was submitted on briefs.

*Joseph W. Monahan, III,* for the defendant.

*John J. Conte,* District Attorney, *& Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

LIACOS, J.  In January, 1976, the defendant, Juan Pagan, was tried on an indictment charging him with unlawful distribution of heroin.  The jury returned a verdict of guilty; and the judge sentenced the defendant to a term of not less than six nor more than ten years at the Massachusetts Correctional Institution at Walpole.  The defendant filed a claim of appeal, pursuant to G. L. c. 278, §§ 33A-33G.  He also filed a motion for a new trial which was denied after a hearing.  In April, 1979, the defendant moved to amend his assignment of errors on appeal to include matters relative to the denial of his motion for a new trial.  The motion was allowed by a judge of the Appeals Court.  We transferred the case here on our own motion.

We summarize the facts as disclosed by the record.  On May 24, 1975, two State police undercover officers, accompanied by two unknown males, were conducting a narcotics investigation in the city of Worcester.  According to the testimony of the officers, the defendant walked past one of the unknown males (Mr. X) and a brief conversation ensued.  Five minutes later, the defendant returned, spoke a few words, and left.  Approximately fifteen minutes later, the defendant again appeared on the opposite side of the street from where the officers were standing.  One of the officers gave two hundred forty dollars to Mr. X, who proceeded across the street and handed the money to the defendant.  The officers observed the defendant hand Mr. X a tinfoil packet with his right hand and take the money with his left hand.  The officers also saw the defendant count the money before putting it into his front pocket.  Mr. X then walked back to the officers and handed the tinfoil packet to one of them, who opened it.  The packet contained brown powder.  Subsequent laboratory analysis showed that the powder was heroin.

The defendant testified that he was in New York on May 24, 1975.  Another witness testified that she saw the defend-

ant in New York on that day. On cross-examination of the defendant, the Commonwealth impeached the defendant's credibility by use of his record of prior convictions. There was no objection by the defendant. The judge gave a limiting instruction.

On April 21, 1976, the defendant's pleas of guilty to these prior offenses were vacated by a single justice of this court.[1] A review of that proceeding reveals that the pleas were vacated on the absence of an affirmative showing on the record that the defendant voluntarily and understandingly entered his guilty pleas. See *Boykin* v. *Alabama*, 395 U.S. 238 (1969).

The defendant contends that the Commonwealth's use of prior convictions to impeach his credibility denied him a fair trial where those prior convictions were subsequently vacated. The defendant relies on *Commonwealth* v. *Cook*, 371 Mass. 832 (1977), where we held that a defendant was entitled to a new trial because his credibility had been impeached by the introduction of his record of prior uncounseled convictions. We have noted, however, that the use of such a record of conviction is not reversible error per se, and may constitute harmless error beyond a reasonable doubt. *Commonwealth* v. *Delorey*, 369 Mass. 323, 328-329 (1975).

Assuming, arguendo, that the teaching of *Cook* applies where a defendant's credibility is impeached through prior guilty pleas entered without an affirmative showing on the record that they were intelligent and voluntary, the defendant is not entitled to a new trial in the circumstances of this case. The error, if any, was harmless beyond a reasonable doubt. *Milton* v. *Wainright*, 407 U.S. 371 (1972). *Chapman* v. *California*, 386 U.S. 18 (1967). *Gilday* v. *Commonwealth*, 355 Mass. 799 (1969). *Gilday* v. *Scafati*, 428 F.2d 1027 (1st Cir.), cert. denied, 400 U.S. 926 (1970). See also *Commonwealth* v. *Delorey, supra.* The jury were presented with overwhelming evidence of the defendant's guilt, including an identification of the defendant by two State police

---

[1] See Juan Pagan, Jr., petitioner, S.J.C. No. 73-73 Law (April 21, 1976).

undercover narcotics officers, a detailed account of the officers' observation of the transaction, the purchased tinfoil packet, and the certificate of analysis identifying the contents of the packet as heroin (net weight, 1 gram; forty-nine per cent heroin). Our review of the record leaves us with no reasonable doubt that the jury would have reached the same verdict without hearing the impeachment evidence.

The defendant's attempt to avail himself of the benefit of the *Cook* decision fails on another ground. In reaching our decision in *Cook, supra,* we noted that the defendant had not "open[ed] up the subject of his prison record, as in *Subilosky* v. *Commonwealth,* [358 Mass. 390, 396 (1970)], and *Subilosky* v. *Moore,* 443 F.2d 334, 336 (1st Cir.), cert. denied, 404 U.S. 958 (1971)." *Cook, supra* at 834. The defendant in the case at bar opened up the subject of his prison record on direct examination. Moreover, the defendant failed to object or otherwise apprise the judge of the pendency of his collateral attack upon the prior convictions.

We add that the defendant was not impeached by a record of prior offenses of which he is innocent.[2] Having obtained vacation of his guilty pleas and the opportunity to contest the charges to which the pleas had been entered, the defendant again pleaded guilty.[3]

*Judgment affirmed.*

---

[2] We find no merit in the defendant's further argument that the case should be remanded for resentencing due to the alleged influence of the prior convictions on the sentence imposed.

[3] See docket sheets, Commonwealth *vs.* Juan Pagan, Worcester Superior Court Nos. 34720 through 34726 and 37082 through 37098 (guilty pleas offered and accepted on December 1, 1976).