COMMONWEALTH *vs.* LLEWELLYN PROCTOR.

Middlesex.  May 3, 1988. — August 3, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Evidence,* Sexual misbehavior, Sex offender, Prior conviction. *Due Process of Law,* Sex offender.

In a proceeding under G. L. c. 123A, § 6, for commitment of an individual as a sexually dangerous person, it was error to admit, either for its probative value or for impeachment purposes, evidence of the respondent's criminal convictions in the absence of a sufficient showing that he had been represented by or had waived counsel at the earlier proceedings. [147-149]

Error in the admission of evidence of a respondent's criminal convictions, in the circumstances of a commitment proceeding under G. L. c. 123A, § 6, could not be characterized as harmless. [149-150]

PETITION for commitment filed in the Superior Court Department on April 24, 1986.

The case was heard by *Cortland A. Mathers,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard Zorza,* Committee for Public Counsel Services, for the respondent.

*Ellen M. Caulo,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The respondent was found guilty, after a District Court jury-waived trial, of indecent assault and battery on a person who had attained the age of fourteen. G. L. c. 265, § 13H (1986 ed.). The respondent was sentenced to two years in the Middlesex County house of correction with one year suspended. Subsequently, the superintendent of that facility petitioned the Superior Court to have the respondent committed to the treatment center at the Massachusetts Correctional Institution at Bridgewater (M.C.I. Bridgewater) for an evaluation

period not to exceed sixty days, for a preliminary determination whether the respondent was a sexually dangerous person (SDP). Following that evaluation period, the Commonwealth petitioned to have the respondent committed to the treatment center for a period of from one day to life confinement as an SDP. A hearing was held and the respondent was adjudged an SDP and committed to the treatment center. G. L. c. 123A, § 6 (1986 ed.). We transferred the respondent's appeal on our own motion.

The respondent challenges the admission at his SDP hearing of three prior convictions in the State of Maine. The convictions involved incidents of sexual misconduct with minors. The respondent contends that, in the absence of a showing that he was represented by or had waived counsel in the proceedings leading to the prior convictions, the convictions should not have been placed in evidence at the subsequent c. 123A proceedings. The Commonwealth argues that the prior convictions explicitly are admissible under c. 123A, § 5; that because c. 123A is civil and nonpunitive rather than criminal in nature, uncounseled prior convictions need not be excluded; and that admission of the prior convictions was harmless error at most. We reject the Commonwealth's arguments, and determine that the respondent is entitled to a new c. 123A hearing.

"The use of a conviction of crime, resulting in a jail sentence, to impeach the credibility of a criminal defendant is clear error of constitutional dimension unless the Commonwealth establishes that he had or waived counsel." *Commonwealth* v. *Cook*, 371 Mass. 832, 833 (1977). Nor can those convictions be used in determining the length of a convicted defendant's sentence. *Commonwealth* v. *Barrett*, 3 Mass. App. Ct. 8, 9-10 (1975), discussing *Loper* v. *Beto*, 405 U.S. 473 (1972), *United States* v. *Tucker*, 404 U.S. 443 (1972), *Burgett* v. *Texas*, 389 U.S. 209 (1967), *Gideon* v. *Wainwright*, 372 U.S. 335 (1963). The reason for these rules is that, because convictions obtained in the absence of counsel for the defense are unreliable, use of prior convictions against a defendant violates due process principles absent a showing that the defendant was represented by or had waived counsel. *Commonwealth* v. *Barrett, supra* at

10. Because this rule places constitutional limitations on the use of prior convictions, the language of c. 123A, § 5, stating that a person's prior criminal records are admissible in SDP proceedings is not, despite the Commonwealth's contention to the contrary, controlling.

The Commonwealth does not argue that it made a sufficient showing that the respondent was represented by or had waived counsel in the Maine proceedings. Instead, the Commonwealth argues that because c. 123A is civil and nonpunitive rather than criminal in nature, *Andrews, petitioner*, 368 Mass. 468, 487 (1975), and cases cited, the prohibition on uncounseled prior convictions should not apply. This is not persuasive. "[W]hether c. 123A proceedings are labelled civil or criminal does not answer fully what procedural safeguards are required in such proceedings. 'Rather, in deciding what safeguards are required, it is necessary to look at the nature of the right which the State seeks to circumscribe. The more precious the right, the greater the protection, whether the proceedings be labelled civil or criminal. . . .' The respondent's right at issue here is the 'potential deprivation of liberty' which we once described as 'massive.'" (Citations omitted.) *Commonwealth* v. *Barboza*, 387 Mass. 105, 111, cert. denied, 459 U.S. 1020 (1982).

While "[n]ot all the due process procedures applicable in a criminal prosecution for Federal constitutional purposes apply to a c. 123A proceeding," *Barboza, supra* at 112,[1] we conclude that it is a violation of due process rights to introduce prior convictions in evidence in a c. 123A proceeding without a showing regarding the respondent's representation by counsel in the prior proceedings. In c. 123A proceedings the central issue is whether the respondent is an SDP. Chapter 123A defines an SDP as "any person whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by *repetitive or compulsive sexual misconduct* by either violence against any victim, or aggression against any victim under the age of sixteen years, and who, as a result, is likely to attack or otherwise inflict injury on such

---

[1] The respondent raises no State constitutional claims.

victims because of his uncontrolled or uncontrollable desires" (emphasis added). G. L. c. 123A, § 1.

If admissible, prior convictions can be used in c. 123A proceedings not merely to impeach a respondent's credibility as a witness (G. L. c. 233, § 21 [1986 ed.]), but also, if relevant, to prove the respondent's "repetitive or compulsive sexual misconduct." See c. 123A, § 5 (1986 ed.). In light of the unreliability of uncounseled convictions, and the central role that prior convictions of crimes involving sexual misconduct might play in an SDP determination, the admission of prior convictions in c. 123A proceedings would violate due process principles in the absence of a showing that a respondent's constitutional right to counsel was protected. The admission of uncounseled convictions in c. 123A proceedings would present a substantial risk that the respondent would be erroneously deprived of liberty and improperly stigmatized by being adjudged an SDP. See *Thompson* v. *Commonwealth*, 386 Mass. 811, 817 (1982) (in evaluating due process claim court will consider, inter alia, the risk of erroneous deprivation of the individual's interests). It follows that it was error to admit the records of the respondent's prior convictions in this case.[2]

The Commonwealth's final argument is that any error in admitting the respondent's prior convictions was harmless. We disagree. The judge's memorandum of decision explicitly mentions the prior convictions as supporting his determination that the respondent is an SDP. The prior convictions represent significant evidence bearing directly on the central issue of the c. 123A hearing. See *Subilosky* v. *Commonwealth*, 358 Mass. 390, 396 (1970). Further, we reject the Commonwealth's argument that the respondent "opened the door" by discussing the

---

[2] We have held that the Commonwealth must prove that a respondent is an SDP beyond a reasonable doubt in c. 123A proceedings. *Andrews, supra* at 489. We continue to adhere to this standard as the most understandable measure of the Commonwealth's burden despite indications that Federal due process might be satisfied by a lesser intermediate standard of proof. See *Addington* v. *Texas*, 441 U.S. 418, 432-433 (1979; *Stone* v. *Essex County Newspapers, Inc.*, 367 Mass. 849, 875-876 (1975) (Quirico, J., concurring in part and dissentinng in part) (discussing vagueness and difficulty of application of intermediate standards of proof).

facts underlying two of the prior convictions during his testimony. The records of the prior convictions had been admitted in evidence prior to the respondent's testimony. Cf. *id.*

While we conclude that admission of the prior convictions was not harmless error, we note that the record contains substantial evidence independent of the prior convictions, which would support a finding that the respondent is an SDP. The Massachusetts conviction for indecent assault is evidence of the respondent's status as an SDP. The respondent's testimony at the c. 123A hearing refers to his past conduct of seeking out relationships with young children, and the fact that these relationships often included sexual conduct. The respondent also admitted, during a session with one of the human services administrators at Metropolitan State Hospital, that he had threatened to strike a fellow patient with a chair in order to force the patient to perform fellatio on the respondent. Further evidence contained in the record need not be recounted at this time.

The respondent must have a new hearing at which the contested convictions shall be excluded if there is again a failure of proof of representation by, or waiver of, counsel. This case is remanded to the Superior Court so that a new c. 123A hearing can be held.[3]

*So ordered.*

---

[3] The burden is on the Commonwealth to prove that the petitioner is an SDP. See *supra*, note 2. Where, as here, even after exclusion of the inadmissible convictions, the evidence was sufficient to warrant a conclusion that the respondent is an SDP, it is appropriate that the respondent remain in the treatment center at Bridgewater pending further proceedings on the merits and further order of the Superior Court. See G. L. c. 123A, § 6.