COMMONWEALTH vs. SHERMAN N. NAPIER, JR.

Plymouth. December 9, 1993. - February 9, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Evidence*, Impeachment of credibility, Prior conviction. *Practice, Criminal*, Assistance of counsel. *Constitutional Law*, Assistance of counsel.

This court, without deciding whether a nonparty witness at a criminal trial must have been represented by counsel at the time of any prior criminal conviction in order for that conviction to be admissible for impeachment purposes, concluded that a judge had sufficient basis to find that two defense witnesses had counsel at the time of their convictions. [33-34]

INDICTMENT found and returned in the Superior Court Department on February 19, 1991.

The case was tried before *Wendie I. Gershengorn*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Eric Brandt*, Committee for Public Counsel Services, for the defendant.

*John E. Bradley*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant, Sherman N. Napier, Jr., appeals from his conviction for unlawfully carrying a firearm pursuant to G. L. c. 269, § 10 (*a*) (1992 ed.). We granted the defendant's application for direct appellate review and now affirm.

1. We briefly sketch the evidence before the jury. Mark Lewis, a tow truck driver, was working in Brockton on the evening of December 28, 1990. While stopped at a red light, Lewis observed four people approach a BMW automobile. Three of the individuals were dressed in dark clothes, while the fourth wore a black and red "Chicago Bulls" jacket. As

they moved toward the BMW, the person wearing the Chicago Bulls jacket raised his arm and pointed what appeared to be a gun. Lewis then heard a "bang" and saw an "orange flash." Within minutes, Lewis called the police and told them what he had seen. Lewis was unable to identify the individual who allegedly fired the shot. Shortly thereafter, the police arrested the defendant, who was wearing a Chicago Bulls jacket. The police conducted a pat down search of the defendant and discovered a gun.

The defendant offered a different version of the events. The defendant did not deny possessing or firing the gun; rather, he contended his actions were justified because of necessity and self-defense.

Dana A. Hampton, a friend of the defendant, supported the defendant's testimony. On cross-examination, Hampton admitted that he had two convictions for larceny of a motor vehicle and one conviction for malicious injury to personal property.

Tedro Clark, another friend, testified to events that were consistent with the defendant's version of what occurred that night. On cross-examination, Clark admitted he had been found guilty of unlawful possession of burglarious tools and larceny of a motor vehicle.

On appeal, the defendant argues that the judge erred in admitting evidence of the prior convictions without requiring the Commonwealth to prove that the witnesses had counsel at the time of the convictions. We conclude there was sufficient evidence to warrant the judge's finding that the earlier convictions of Hampton and Clark were counselled.

2. We have held that "[t]he use of a conviction of crime, resulting in a jail sentence, to impeach the credibility of a criminal defendant is clear error of constitutional dimension unless the Commonwealth establishes that he had or waived counsel." *Commonwealth* v. *Cook*, 371 Mass. 832, 833 (1977), and cases cited therein. A notation of the name of counsel for the defendant on the face of a complaint is sufficient to satisfy the Commonwealth's burden in this regard. *Commonwealth* v. *Boudreau*, 362 Mass. 378, 382 (1972).

Similarly, we have held that, in finding a waiver of counsel, a trial judge properly relied on a notation made by a judge in the witness's case that he did not desire counsel. *Commonwealth* v. *Deeran*, 364 Mass. 193, 198 (1973). In so ruling, we stated that there was no constitutional requirement that the "waiver of counsel be proved in any particular way." *Id.*

Here, the judge relied on documents entitled, "Notice of Assignment of Counsel." These documents listed the person for whom counsel was appointed, the offenses charged, and the name of assigned counsel.[1] On this record the assignment of counsel forms provided the judge with a sufficient basis to find that the witnesses were represented by counsel at the time of their convictions. We note that the defendant offered no evidence to the contrary.

Because of the view that we take of the case, it is unnecessary for us to decide whether a nonparty witness must be represented by counsel at the time of his prior conviction in order for that conviction to form a proper basis for his impeachment.

*Judgment affirmed.*

---

[1]The record does not contain copies of assignment of counsel forms for the convictions of Clark. Prior to Clark's cross-examination, the prosecution requested a sidebar conference. Defense counsel again argued there was no attorney's appearance present. The judge rejected this argument by asking defense counsel whether he had any argument other than appointment of counsel. The judge permitted the prosecution to use Clark's prior convictions for impeachment.