COMMONWEALTH *vs.* KEVIN SAUNDERS.

Plymouth. October 1, 2001. - January 24, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Impeachment by prior conviction, Presumptions and burden of proof. *Due Process of Law,* Impeachment by prior conviction. *Evidence,* Prior conviction.

At the trial of a criminal case in 1996, the judge lacked discretion to allow a 1988 conviction to be used to revive a 1983 conviction for impeachment purposes, where the Commonwealth failed to establish that the defendant had, or waived, counsel in the 1988 case that had "revived" the earlier conviction pursuant to G. L. c. 233, § 21, Second. [693-695]

This court stated that, as to cases tried after the date of this opinion, it will not continue the requirement that the Commonwealth, as a condition of seeking, under G. L. c. 233, § 21, Second, to introduce a felony conviction to impeach a defendant (or to revive an otherwise time-barred conviction), affirmatively show that the defendant had or waived counsel; henceforth, the rule will presume that the counsel requirement was fulfilled, and the Commonwealth will not have to come forward with proof on the point unless the defendant first makes a showing that the conviction in issue was obtained without representation by, or waiver of, counsel. [695-696]

INDICTMENTS found and returned in the Superior Court Department on March 12, 1996.

A pretrial motion to suppress evidence was heard by *Patrick F. Brady*, J., and the cases were tried before *Judith A. Cowin*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Claudia Leis Bolgen* for the defendant.

*John E. Bradley*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. Based on a robbery that occurred on January 24, 1996, a jury in the Superior Court convicted the defendant of unarmed robbery, unarmed assault with intent to rob, and assault and battery (two indictments). In *Commonwealth* v. *Saunders*, 50 Mass. App. Ct. 865, 873 (2001), the Appeals Court

reversed the defendant's convictions and ordered a new trial on the ground that the trial judge erred in permitting the Commonwealth to use a prior conviction, for which the Commonwealth did not establish that the defendant had or waived counsel, see *Commonwealth* v. *Cook*, 371 Mass. 832, 833 (1977); *Commonwealth* v. *Gilday*, 355 Mass. 799 (1969), to revive a prior (counseled) conviction that was otherwise time-barred under G. L. c. 233, § 21,[1] for the purpose of using the revived conviction to impeach the defendant at trial. Furthermore, the Appeals Court rejected the defendant's claims that the motion judge erred in failing to suppress (1) a suggestive out-of-court voice identification of the defendant; and (2) evidence seized during a warrantless search of the apartment after which the defendant was arrested. *Commonwealth* v. *Saunders, supra* at 873-876. We granted the Commonwealth's application for further appellate review. We conclude that the revived conviction was improperly admitted and that the error requires a new trial. However, as to cases tried after the date of this opinion, it will be presumed that the defendant had, or waived, counsel at the time of conviction, and the Commonwealth will not be required to produce additional proof of that fact to engage in otherwise permissible impeachment, unless the defendant has first offered some proof that his conviction was uncounseled. Finally, we agree with the Appeals Court that the defendant's motion to suppress was properly denied.

The pertinent background is as follows. Prior to trial, both the defendant and the Commonwealth sought rulings concerning the admissibility of certain prior convictions for purposes of

---

[1]General Laws c. 233, § 21, provides, in pertinent part:

"The conviction of a witness of a crime may be shown to affect his credibility except as follows: . . .

"Second, The record of his conviction of a felony upon which no sentence was imposed or a sentence was imposed and the execution thereof suspended, or upon which a fine only was imposed, or a sentence to a reformatory prison, jail, or house of correction, shall not be shown for such purpose after ten years from the date of conviction, if no sentence was imposed, or from the date on which sentence on said conviction was imposed, whether the execution thereof was suspended or not, unless he has subsequently been convicted of a crime within ten years of the time of his testifying. For the purpose of this paragraph, a plea of guilty or a finding or verdict of guilty shall constitute a conviction within the meaning of this section."

impeachment. The Commonwealth sought to admit, in the event that the defendant decided to testify, evidence of a May 31, 1988, conviction of armed assault in a dwelling house (1988 conviction), and his June 14, 1983, conviction of kidnapping,[2] so that the jury would be able to conduct "an informed assessment of the defendant's credibility." The judge held a hearing on the matter before the jury were empanelled. She noted that the defendant's 1988 conviction might be admissible under G. L. c. 233, § 21, but concluded that the Commonwealth could not impeach the defendant at trial with evidence of this conviction because the Commonwealth had not established that, as to this conviction, the defendant had been represented by, or had waived, counsel. See *Commonwealth* v. *Cook, supra* at 833. As to the defendant's 1983 kidnapping conviction, for which it is undisputed that the defendant was represented by counsel, the judge stated that the evidence of that conviction "in the exercise of [her] discretion . . . would be admissible."[3] The defendant's trial counsel objected.

After the close of the Commonwealth's case, the judge informed counsel that, if the defendant decided to testify, she would permit the Commonwealth to introduce evidence of the defendant's 1983 kidnapping conviction to impeach him. She concluded that, under G. L. c. 233, § 21, Second, the defendant's 1988 conviction could be used to revive the otherwise time-barred 1983 kidnapping conviction. The defendant testified as the sole witness for the defense. During his cross-examination, the defendant was impeached with the kidnapping conviction. After the defense rested, the jurors were permitted to go to lunch. When they returned, the judge gave the jury the standard limiting instruction concerning their consideration of the defendant's prior kidnapping conviction.

1. The defendant argues, and correctly, we conclude, that the

[2]For this felony conviction the defendant received a fifteen-year sentence to the Massachusetts Correctional Institution at Concord, a reformatory prison. See note 1, *supra*; *Commonwealth* v. *Brown*, 431 Mass. 772, 778 (2000).

[3]The judge initially did not realize that the kidnapping conviction was time-barred under G. L. c. 233, § 21, Second, because she mistakenly believed that the sentence the defendant received on that conviction was to a State prison, and not a reformatory prison, and she erroneously applied the third paragraph of the statute to determine timeliness. Neither attorney clarified the matter.

judge erred in permitting the 1988 conviction to be used to revive the otherwise time-barred kidnapping conviction. By statute, evidence that a defendant (or other witness) previously has been convicted of a felony may be admitted to impeach a defendant's credibility subject to certain limitations. At the present time, these limitations include specified time limits on the prior convictions, see G. L. c. 233, § 21, Second, and the requirement that the prosecution show that the defendant had, or waived, counsel in connection with the prior conviction, see *Commonwealth* v. *Cook, supra* at 833.[4] If a prior conviction meets these requirements, it is within the judge's discretion to admit evidence of the conviction for impeachment. *Commonwealth* v. *Leftwich*, 430 Mass. 865, 869 (2000).

We have not considered whether a conviction, for which the Commonwealth did not establish that the defendant had or waived counsel, may be used for the collateral purpose of reviving an otherwise time-barred conviction under G. L. c. 233, § 21, Second, in order to use the time-barred conviction to impeach a defendant. At the time of the defendant's trial, the limitation expressed in *Commonwealth* v. *Cook, supra*, on using prior convictions for impeachment purposes, applied. This limitation imposes a foundational requirement on the Commonwealth as the proponent of the impeachment evidence. The Commonwealth should not be relieved from satisfying this foundational requirement here because it seeks indirectly to use the 1988 conviction to revive the time-barred kidnapping conviction. The reviving conviction, the 1988 conviction, when used in this manner, is still being used against a defendant to support his guilt. We conclude that the defendant is entitled to the benefit of the rule in effect when he was tried, and where the Commonwealth failed to establish that he had, or waived, counsel, the judge lacked discretion to allow the 1988 conviction to be used to revive the kidnapping conviction that was time-barred under G. L. c. 233, § 21, Second. We also agree with the Appeals Court that the error was significant enough to

---

[4]The right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and is made applicable to the States through the Fourteenth Amendment to the United States Constitution. *Commonwealth* v. *Delorey*, 369 Mass. 323, 326 (1975).

require a new trial. *Commonwealth* v. *Saunders, supra* at 872-873.

2. We now address the Commonwealth's argument that a "presumption of regularity" should apply whereby judges presume that defendants who have been convicted of a felony charge had counsel or had validly waived counsel. We conclude that, for the reasons stated, such a presumption should not apply in this case, but that it makes sense to allow the presumption in future cases. The reasons for concern over defendants being impeached by means of convictions rendered constitutionally doubtful because the defendants were not represented by, or did not waive, counsel, have been rendered largely academic by the passage of time since the decisions in *Gideon* v. *Wainwright,* 372 U.S. 335 (1963), and the adoption of our rules in *Commonwealth* v. *Cook, supra,* and *Commonwealth* v. *Gilday, supra.* Since at least 1958, defendants in felony cases in Massachusetts have been required to have, or to waive, counsel.[5] It is unlikely in the extreme that any defendant being tried today would be impeached by an uncounseled conviction. And, the decision in *Parke* v. *Raley,* 506 U.S. 20 (1992), establishes that a presumption of regularity with respect to prior final convictions does not violate due process.

In view of these considerations, we see no reason to continue the requirement that the Commonwealth, as a condition of seeking, under G. L. c. 233, § 21, Second, to introduce a felony conviction to impeach a defendant (or to revive an otherwise time-barred conviction), affirmatively show that the defendant had or waived counsel. The rule henceforth will presume that

[5]In 1958, this court promulgated the first rule requiring the appointment of counsel in all felony cases in the Superior Court. See Rule 10 of the General Rules, 337 Mass. 813 (1958). The specific need to appoint counsel for indigent defendants was addressed by rule in 1966, and the requirement of appointed counsel was then applied to all courts. See S.J.C. Rule 3:10, 351 Mass. 791 (1967). In 1960, the Massachusetts Defenders Committee was established to furnish counsel for indigent defendants. St. 1960, c. 565, § 1. Thus, with variations in the rule up to the present time (see Mass. R. Crim. P. 8, as amended, 397 Mass. 1226 [1986]; S.J.C. Rule 3:10, as amended, 416 Mass. 1306 [1993]), and the creation of the current Committee for Public Counsel Services in 1983 (see G. L. c. 211D, inserted by St. 1983, c. 673, § 1), our rules and statutes have provided for the appointment of counsel for criminal defendants in felony cases for the last forty-three years.

the counsel requirement was fulfilled, and the Commonwealth will not have to come forward with proof on the point unless the defendant first makes a showing that the conviction in issue was obtained without representation by, or waiver of, counsel.

3. The issues concerning the propriety of the denial of the defendant's motion to suppress may arise at any retrial. We agree with the Appeals Court's disposition of these issues. See *Commonwealth* v. *Saunders, supra* at 873-876.

4. The order denying the defendant's motion to suppress is affirmed. The judgments of conviction are reversed, the verdicts are set aside, and the cases are remanded to the Superior Court for a new trial.

*So ordered.*