COMMONWEALTH vs. DALE K. MCMULLIN. No. 08-P-1560. April 2, 2010.
*Public Records. Practice, Criminal,* Confrontation of witnesses, Assistance of
counsel, Sentence, Impeachment by prior conviction. *Constitutional Law,*
Confrontation of witnesses, Assistance of counsel. *Due Process of Law,*
Impeachment by prior conviction. *Witness,* Credibility. *Registrar of Motor
Vehicles,* Records.

The defendant was convicted of operating a motor vehicle while under the
influence of intoxicating liquor, fourth offense, G. L. c. 90, § 24(1)(*a*)(1),
operating after license suspension, second offense, G. L. c. 90, § 23, and
failure to stop for a police officer, G. L. c. 90, § 25. On appeal, he challenges
the admissibility, competency, and sufficiency of the public records used to
establish his prior convictions. We address the defendant's three principal
contentions in turn.[1]

*Confrontation clause.* The defendant argues that the admission of certified
copies of records from the Registry of Motor Vehicles and the District Court
violated his right to confront the witnesses against him under the Sixth Amend-
ment to the United States Constitution. The defendant acknowledges that the
admissibility of such records is established by *Commonwealth* v. *Maloney,*
447 Mass. 577, 592 (2006), but observes that *Maloney* rested its analysis of
the confrontation clause issue on *Commonwealth* v. *Verde,* 444 Mass. 279,
283-284 (2005), and that *Verde* has since been overturned by the United States
Supreme Court. See *Melendez-Diaz* v. *Massachusetts,* 129 S. Ct. 2527 (2009).
The argument is unavailing. In *Melendez-Diaz,* the Court explicitly
acknowledged that a clerk's affidavit authenticating an official record is not
testimonial for purposes of the confrontation clause, see *id.* at 2538-2539, and
explained that "[b]usiness and public records are generally admissible absent
confrontation not because they qualify under an exception to the hearsay
rules, but because — having been created for the administration of an entity's
affairs and not for the purpose of establishing or proving some fact at trial —
they are not testimonial." *Id.* at 2539-2540. Admission of court records and
records of the Registry of Motor Vehicles in the present case did not violate
the defendant's Sixth Amendment right of confrontation. General Laws c. 90,
§ 24(4), is unaffected by the *Melendez-Diaz* decision. See *Commonwealth* v.
*Martinez-Guzman, ante* 167, 171 n.3 (2010).

*Right to counsel in prior convictions.* The defendant separately contends
that the evidence of his prior convictions was insufficient for the reason that
the records of his prior convictions were inadmissible in the absence of proof
that he was represented by (or had waived) counsel in those proceedings.[2]

In *Commonwealth* v. *Proctor,* 403 Mass. 146, 147 (1988), the Supreme

---

[1]A fourth contention advanced by the defendant on appeal may be rejected without
extended discussion. There is no merit to the defendant's argument, presented in his brief
pursuant to *Commonwealth* v. *Moffett,* 383 Mass. 201, 216-217 (1981), that amendments
to G. L. c. 90, § 24(1)(*a*)(1), enlarging the "reach back" period for prior offenses,
constitute a breach of contract, for the reason (among others) that the statutory amend-
ments had no effect on the plea agreement the defendant entered in 1997; instead they
affect only the collateral consequences of the defendant's prior convictions on the defend-
ant's subsequent 2006 offense.

[2]The defendant raised this argument for the first time in his reply brief. We invited
the Commonwealth to submit a further reply to the defendant's new argument and then
heard oral argument on the claim. It is unclear from the defendant's brief whether he

Judicial Court observed that, absent a showing by the Commonwealth that the defendant was represented by or waived counsel, a defendant's prior convictions may not be used to impeach his credibility, see *Commonwealth* v. *Cook,* 371 Mass. 832, 833 (1977), or to determine the length of his sentence. See *Commonwealth* v. *Barrett,* 3 Mass. App. Ct. 8, 9-10 (1975). However, the court since has held that a defendant generally is presumed to have been represented by (or to have waived) counsel in prior proceedings that resulted in a conviction, and the Commonwealth need not come forward with proof on the point unless the defendant first makes a showing that the conviction was obtained without representation by or waiver of counsel. See *Commonwealth* v. *Saunders,* 435 Mass. 691, 695-696 (2002). See also *Commonwealth* v. *Lopez,* 426 Mass. 657, 662 (1998) (applying presumption of regularity to guilty plea).

*Admissibility of Registry of Motor Vehicles records.* Finally, there is no merit to the defendant's contention that records of the Registry of Motor Vehicles were improperly admitted. As a threshold matter, we note that the defendant did not object to admission of the records. See note 2, *supra.* Moreover, the records were admissible under G. L. c. 90, § 30, even had the defendant objected. There was no error, much less a substantial risk of a miscarriage of justice.[3]

*Judgments affirmed.*

*Deborah Bates Riordan* (*Theodore F. Riordan* with her) for the defendant.

*Kevin J. Curtin,* Assistant District Attorney, for the Commonwealth.

contends that the evidence at trial was insufficient because the evidence of his prior convictions was inadmissible, or whether he contends that the prior records are incompetent to establish his convictions. To the extent that the defendant's argument goes to the sufficiency of the evidence, it is without merit because the defendant did not object at trial to admission of the records; they were accordingly in evidence for all purposes even if timely objection would have succeeded in excluding them. Cf. *Commonwealth* v. *Silva,* 431 Mass. 401, 404 (2000). We nonetheless consider whether the claim gives rise to a substantial risk of a miscarriage of justice. *Id.* at 405. The defendant does not argue that his trial counsel was constitutionally ineffective. In any event, such a claim would not be persuasive as a substantial risk of a miscarriage of justice is not present here. See *Commonwealth* v. *Curtis,* 417 Mass. 619, 624-625 & n.4 (1994).

[3] As the judge had the court records and the Registry of Motor Vehicle records before her and those records adequately established the defendant's prior convictions, the defendant's claim that there was insufficient evidence to convict him fails.