NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1792                                        Appeals Court

COMMONWEALTH vs. EAGLE EYES CUEVAS.[1]

No. 13-P-1792.

Hampden.     December 9, 2014. - March 24, 2015.

Present: Cypher, Wolohojian, & Blake, JJ.

Sex Offender. Evidence, Sex offender, Prior conviction,
    Authentication. Due Process of Law, Sex offender,
    Assistance of counsel. Constitutional Law, Assistance of
    counsel. Practice, Civil, Challenge of jurors. Practice,
    Criminal, Challenge to jurors, Assistance of counsel,
    Waiver.

Civil action commenced in the Superior Court Department on
July 12, 2010.

The case was tried before Constance M. Sweeney, J.

Edward B. Fogarty for the defendant.
Deborah D. Ahlstrom, Assistant District Attorney, for the
Commonwealth.

BLAKE, J. After a jury trial in the Superior Court, the

defendant, Eagle Eyes Cuevas, was found to be a sexually

dangerous person and committed to the Massachusetts Treatment

_____
[1] Also known as Leonides Cuevas.

Center at Bridgewater for between one day and life.  On appeal, Cuevas argues that it was reversible error to admit prior out-of-State convictions, claiming that the records were not properly authenticated and did not demonstrate that he was represented by counsel.  He also claims that it was error to deny his request for fourteen peremptory jury challenges.  We affirm.

Background.  At trial, the Commonwealth presented the reports and testimony of two qualified examiners, Dr. Katrin Rouse-Weir and Dr. Michael Murphy.  Both examiners interviewed Cuevas and reviewed his treatment records, his Department of Correction records, and his criminal history, which included both sexual and drug offenses.  As a result of their work, both opined that Cuevas was a pedophile who was likely to reoffend and therefore met the statutory definition of a sexually dangerous person as set forth in G. L. c. 123A.[2]  Cuevas presented no expert evidence of his own.

---

[2] Rouse-Weir opined that Cuevas suffered from a mental disorder, pedophilia, based on his interest in prepubescent children and that Cuevas demonstrated characteristics of antisocial personality disorder.  Rouse-Weir concluded that probationary requirements and treatment were insufficient to prevent Cuevas from reoffending.

Murphy also concluded that Cuevas met the standard to be adjudicated sexually dangerous.  Notably, Cuevas told Murphy that he fantasized about having sex with his girlfriend's son and detailed how he groomed the child to accept his sexual advances.  See note 4, infra.  Cuevas admitted to Murphy that he

The jury could have found the following regarding Cuevas's history of offenses. In 1995, in New York, he pleaded guilty to attempted sexual abuse in the first degree for touching a girl's breast.[3] Cuevas received a committed sentence of eighteen months to three years in prison. In 2004, in Massachusetts, Cuevas was convicted of rape of a child and indecent assault and battery on a child under the age of fourteen for sexual assaults that occurred on diverse dates between 1999 and 2003.[4] Cuevas received a sentence of not less than five but no more than seven years in prison with lifetime community parole.

Discussion. 1. Admission of the New York convictions. It is the Commonwealth's burden to prove beyond a reasonable doubt that Cuevas is a sexually dangerous person. Commonwealth v. Mazzarino, 81 Mass. App. Ct. 358, 365 (2012). To do so, the Commonwealth must prove "(1) a conviction of a sexual offense; (2) the existence of a mental abnormality or personality disorder; and (3) whether the mental abnormality or personality disorder makes the person likely to engage in sexual offenses if not confined to a secure facility." Commonwealth v. Blake, 454

_____

was a pedophile. Murphy also concluded that any protective factors were insufficient to protect the public if Cuevas were to be released.

[3] The victim was thirteen years old.

[4] Cuevas pleaded guilty to these offenses. The victim, the son of the defendant's girlfriend, was six years old when the defendant began to sexually assault him.

Mass. 267, 271 (2009) (Ireland, J., concurring).  See G. L.
c. 123A, § 1.

As proof of the prior conviction in New York, the
Commonwealth offered a certified copy of two documents provided
by New York:  a "certificate of disposition indictment" and a
"CRIMS appearance history" (CRIMS records).[5]  The CRIMS records
include attorney data, charges, and appearance dates.

a.  Proper attestation.  Cuevas first contends the
documents were not properly attested.  See G. L. c. 233, § 76.
We disagree.  "[A]n 'attested' copy of a document is one which
has been examined and compared with the original, with a
certificate or memorandum of its correctness, signed by the
persons who have examined it."  Commonwealth v. Deramo, 436
Mass. 40, 47 (2002), quoting from Black's Law Dictionary 127-128
(6th ed. 1990).  "In New York, a Certificate of Disposition is a
judicial record of the offense of which a defendant has been
convicted."  United States v. Green, 480 F.3d 627, 632 (2d Cir.
2007).  See People v. Smith, 258 A.D.2d 245, 248 (N.Y. 1999).
Moreover, "[a] certificate issued by a criminal court, or the
clerk thereof, certifying that a judgment of conviction against
a designated defendant has been entered in such court,

---

[5] Both documents were certified by the clerk of the court of
Kings County in New York.

constitutes presumptive evidence of the facts stated in such certificate."  N.Y. Crim. Proc. Law § 60.60(1) (McKinney 1970).

b.  Representation by counsel.  Cuevas contends that the Commonwealth failed to establish that he was represented by counsel or that he waived his right thereto when he pleaded guilty to the charge in New York.

In Commonwealth v. Proctor, 403 Mass. 146, 148 (1988), the Supreme Judicial Court held that when the Commonwealth seeks to introduce a prior conviction in a G. L. c. 123A proceeding, due process requires it to prove that the defendant was represented by counsel or that he waived his right to counsel in the prior proceeding.  Since then, however, the court has held that a general presumption of regularity inheres, citing the line of cases beginning with the United States Supreme Court's announcement of a right to counsel in all criminal prosecutions in Gideon v. Wainwright, 372 U.S. 335 (1963).  Commonwealth v. Saunders, 435 Mass. 691, 695-696 (2002).[6]  Thus, under Saunders, "the Commonwealth need not come forward with proof on the point unless the defendant first makes a showing that the conviction

_____

[6] Contrary to Cuevas's suggestion on appeal, application of the presumption of regularity is not limited to the factual circumstances present in Saunders, supra (admission of prior convictions for impeachment purposes).  See Commonwealth v. Lopez, 426 Mass. 657, 664-665 (1998) (motion for new trial seeking to vacate guilty pleas); Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 905 (2010) (admission of prior convictions to prove charge of operating under influence of intoxicating liquor, fourth offense).

was obtained without representation by or waiver of counsel." Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 905 (2010). This the defendant did not do.

That the conviction originated in New York is likewise no bar to its admission. In New York, defendants faced with felonies are automatically entitled to counsel. People v. West, 81 N.Y.2d 370, 373-374 (1993). Further, as in Massachusetts, "[t]he State right to counsel [in New York] is a cherished principle, rooted in this State's prerevolutionary constitutional law and developed independent of its Federal counterpart." Id. at 373 (quotation omitted). The right to counsel in New York "attaches at arraignment . . . and entails the presence of counsel at each subsequent critical stage of the proceedings." Hurrell-Harring v. State, 15 N.Y.3d 8, 20 (2010) (citation and quotation omitted).

The certificate of disposition, read with or without the CRIMS reports, was sufficient to meet the requirements of G. L. c. 123A.[7]

---

[7] The certified CRIMS records indicate that Cuevas was assigned counsel on March 27, 1995, upon his arraignment. There is no subsequent record indicating that counsel withdrew or was otherwise discharged. In support of a motion to exclude the documents below, Cuevas submitted an affidavit from an attorney who practiced in New York purporting to cast doubt on the reliability of the CRIMS records. The judge ruled that the affidavit was conclusory and insufficient to challenge the Commonwealth's documentary evidence.

2. Peremptory challenges. Because Cuevas contends that the sentence for a sexually dangerous person (a lifetime commitment) is akin to a life sentence in a criminal setting, which requires twelve peremptory challenges plus one for each juror seated beyond the initial twelve, he argues that the judge erred in denying his timely request for a like number of peremptory challenges.[8] The judge allotted six peremptory challenges to each party. Cuevas utilized four.

We recognize that, although sexually dangerous person petitions are civil in nature, these defendants are afforded some of the same protections required in criminal cases due to the possibility of a lifetime confinement. See Mass.R.Civ.P. 81(a)(1)(8), as amended, 450 Mass. 1405 (2008); Commonwealth v. Sargent, 449 Mass. 576, 579 n.3 (2007). See also Gomes v. Gaughan, 471 F.2d 794, 799-800 (1st Cir. 1973). In the circumstances of this case, we need not decide whether the claimed right to twelve peremptory challenges is one of those protections.

Judgment affirmed.

---

[8] Rule 20(c)(1) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 890 (1979), requires twelve peremptory challenges "[u]pon the trial of an indictment for a crime punishable by imprisonment for life."