The defendant, Robert J. Reposa, appeals after his conviction of operating a motor vehicle under the influence of alcohol (OUI), fourth offense, G. L. c. 90, § 24(1)(a )(1). In this appeal, he argues that the Commonwealth failed to present sufficient evidence of three prior OUI offenses. Specifically, he asserts that there was insufficient evidence linking him to a 1985 conviction, and that the 1982 and 1989 convictions were constitutionally infirm and inadmissible. We affirm.
Background. After a jury convicted him of OUI, the defendant thereafter was tried jury-waived on the fourth offense portion of the charge.[2] During the jury-waived trial, the Commonwealth introduced eight exhibits pertaining to OUI convictions in 1982, 1985, and 1989 as proof of the defendant's three prior convictions. On the basis of that evidence, the judge found the defendant guilty of the fourth offense portion of the charge.
Discussion. Sufficiency of proof for the 1985 conviction. In reviewing questions regarding the sufficiency of the evidence, we must discern "whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Penn, 472 Mass. 610, 618 (2015), quoting from Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015). To establish the existence of a prior conviction, the Commonwealth may rely on certified copies of court records or registry of motor vehicle (RMV) records. G. L. c. 90 § 24(1)(c )(4). The Commonwealth may also rely on circumstantial evidence and the inferences that can be reasonably drawn therefrom. Commonwealth v. Bowden, 447 Mass. 593, 601 (2006). That said, the "[m]ere identity of name," ibid., quoting from Commonwealth v. Koney, 421 Mass. 295, 302 (1995), is insufficient to link a defendant to a conviction.
Here, as proof that the defendant had been convicted of OUI in 1985, the Commonwealth introduced a certified copy of a docket sheet from the Cambridge District Court (Cambridge docket sheet). The Cambridge docket sheet reflects that a "Robert Reposa" had been convicted of OUI in that court on April 2, 1985. The defendant asserts that aside from the name on the Cambridge docket sheet being identical to his, there was nothing linking him to that 1985 conviction. We disagree.
The Commonwealth also admitted a certified copy of the defendant's RMV record, which included a driving history.[3] Appearing on the defendant's RMV driving history is a "Finding Date" of April 2, 1985, following the notation "DWI"; a "finding date" is the date on which a court, or RMV hearing officer, finds a person guilty, or responsible, for a specific offense. See Commonwealth v. Deramo, 436 Mass. 40, 46 (2002). The April 2 finding date on the defendant's RMV driving history coincides precisely with the April 2 conviction date appearing on the 1985 Cambridge docket sheet. Further linking the two documents, the RMV driving history indicates that as a result of that April 2 finding date, the defendant was required to enter an alcohol program. In addition, Cambridge is listed following the notation for the alcohol program. Viewed together those documents, and the reasonable inferences that can be drawn therefrom, satisfy the Commonwealth's burden to prove that the Cambridge docket sheet containing a conviction of OUI in 1985 pertained to the defendant. See Bowden, 447 Mass. at 602.
Admissibility of the 1982 and 1989 convictions. The defendant further contends that the docket sheets pertaining to the 1982 and 1989 OUI convictions were inadmissible because they do not show that he was represented by legal counsel at the time of those convictions. While it is well established that the Commonwealth may use as evidence only prior convictions in which the defendant had counsel or validly waived the right to counsel to prove the existence of a prior conviction, Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 904-905 (2010), citing Commonwealth v. Proctor, 403 Mass. 146, 147-48 (1988), we see no impropriety with the admission of those docket sheets.
When a defendant challenges the admissibility of evidence, he bears the heavy burden of establishing that the judge abused his discretion. See Commonwealth v. Bys, 370 Mass. 350, 360-361 (1976) ; Commonwealth v. Lyons, 444 Mass. 289, 298 (2005). A challenge to the constitutionality of a prior conviction is met with a rebuttable presumption that the defendant had been represented by (or had waived) counsel. McMullin, 76 Mass. App. Ct. at 905. In order to rebut the presumption, the defendant bears the burden of "showing that the conviction was obtained without representation by or waiver of counsel." Ibid. To meet that burden, the defendant must "provide sufficient credible and reliable factual evidence" that would rebut the presumption of regularity. Commonwealth v. Yardley Y., 464 Mass. 223, 227 (2013), quoting from Commonwealth v. Lopez, 426 Mass. 657, 663 (1998). A defendant's mere reliance on the absence of an entry on a docket sheet, as was the case here, does not satisfy this burden. See Commonwealth v. Hubbard, 457 Mass. 24, 26 (2010) (absence of written trial waiver did not rebut presumption of effective guilty plea); Yardley Y., 464 Mass. at 228-229 (absence of indication that interpreter was present did not rebut presumption that one was present).
Here the defendant failed to produce sufficient evidence to rebut the presumption-the defendant did not provide the judge with any affidavits or other testimonial or documentary evidence. We see no abuse of discretion by the judge in admitting and considering those two docket sheets, and in finding that the defendant had been convicted of OUI in 1982 and 1989.
Judgments affirmed.

The jury also convicted the defendant of negligent operation of a motor vehicle, and the defendant admitted to sufficient facts for being found responsible of a marked lanes violation. Although the defendant filed a general notice of appeal, he limits his argument on appeal to the fourth offense portion of the OUI charge.

The defendant stipulated that the name, date of birth, license number, Social Security number, and physical description in the RMV record are his.