The defendant appeals after her 2015 conviction of while operating under the influence (OUI), third offense, pursuant to G. L. c. 90, § 24(1)(a )(1). She contends that the Commonwealth failed to satisfy its burden to prove beyond a reasonable doubt each one of the defendant's prior offenses that were relied on to prove the subsequent OUI offense. We affirm.
To prove that the defendant was guilty of a third offense, the Commonwealth presented certified copies of the dockets from the defendant's two prior OUI convictions, one from 2003 and a second from 2005. The defendant conceded the sufficiency of the Commonwealth's proof of the 2005 conviction, but argued that the Commonwealth's evidence of the 2003 conviction, which consisted of only the docket sheet and an initial notice of assignment of counsel, was insufficient to prove a valid conviction.
While the defendant asserts that the initial notice of assignment of counsel did not reflect whether an attorney aided the defendant in her decision to enter a guilty plea, or whether she instead waived counsel before entering her plea, it is not the Commonwealth's burden to "come forward with proof on the point unless the defendant first makes a showing that the conviction was obtained without representation by or waiver of counsel." Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 906 (2006). Here, the defendant made no such showing.[2]
In addition, "[a] notation of the name of counsel for the defendant on the face of a complaint is sufficient to satisfy the Commonwealth's burden" to prove that the defendant was represented by counsel. Commonwealth v. Napier, 417 Mass. 32, 34 (1994) (proper to rely on document entitled "Notice of Assignment of Counsel" that listed name of person for whom counsel was appointed, offenses charged, and name of appointed counsel). The Commonwealth offered a notice of assignment of counsel from 2003 that identified the defendant as the person for whom counsel was appointed, the offense for which counsel was appointed (OUI in violation of G. L. c. 90, § 24 ), and the name and address of the appointed counsel, Attorney Michael O'Doherty. There is no evidence or other indication that counsel withdrew or that the defendant waived representation.
The trial judge also could have relied on the documents submitted to prove the 2005 OUI conviction, second offense, to establish that the defendant had previously been convicted. See Commonwealth v. Bowden, 447 Mass. 593, 599 (2006) ("A judgment of conviction for a third offense may appropriately be relied on to establish culpability for the first two offenses"). We discern no error in the trial judge's finding that the certified docket sheets were a "sufficient official record to satisfy the law in this area."
Judgment affirmed.

The defendant maintains that she argued the issue at trial. ("[T]he Defendant most certainly presented an argument that her representation by an attorney in the 2003 case was called into question.") However, she offered no evidence on the issue.