NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1117

COMMONWEALTH

vs.

ADMILSON RODRIGUES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI), second offense.[1]  We discern in the defendant's claims no cause to disturb the judgment and affirm.

1. Motion to suppress.  There was no error in the motion judge's denial of the defendant's motion to suppress.  The record supports the motion judge's finding that the trooper had reasonable suspicion to believe the defendant had committed a traffic offense, based on a license plate query showing that the vehicle the defendant was driving had an expired inspection sticker.  See Commonwealth v. Pacheco, 51 Mass. App. Ct. 736,

---

[1] The defendant was acquitted of unlicensed operation of a motor vehicle.

739 (2001).  Accordingly, there is no basis to suppress evidence on the ground that the stop of the vehicle was improper.

To the extent the defendant seeks to challenge the motion judge's failure to suppress statements made by the defendant during the stop, the claim is unavailing.  As the defendant failed to raise this issue in his motion to suppress, the Commonwealth was under no obligation to provide evidence at the motion hearing bearing on the admissibility of the statements.  In his motion to suppress, and at the hearing on the motion, the defendant advanced no argument directed to statements made during the stop, and he attempts now to raise it for the first time on appeal.  "This he may not do."  Commonwealth v. Edwards, 71 Mass. App. Ct. 716, 719 (2008), quoting Commonwealth v. Lodge, 431 Mass. 461, 474 (2000).

In any event, any such request would have been futile, so there is no basis for the defendant's related contention that his counsel was ineffective for failing to advance such an argument before the motion judge.  See Commonwealth v. Gosselin, 486 Mass. 256, 264 (2020).  The testimony of the arresting officer regarding his observations that the defendant's speech was slurred does not concern the statements themselves, but only the fact that the defendant's inability to speak clearly served as an indication of his impairment.  Testimony regarding the defendant's slurred speech accordingly does not implicate his

2

privilege against self incrimination.  See <u>Vanhouton</u> v. <u>Commonwealth</u>, 424 Mass. 327, 336 (1997).

2. <u>Equal protection</u>.  There is likewise no merit to the defendant's equal protection claim.  As the issue was not raised prior to or during the trial, we review the claim for a substantial risk of a miscarriage of justice.  <u>Commonwealth</u> v. <u>Francis</u>, 485 Mass. 86, 106 (2020).  We discern no such risk because the defendant offers no evidence or argument to support his claim.

"A defendant seeking to suppress evidence based on a claim that a traffic stop violated principles of equal protection bears the burden of establishing, by motion, a reasonable inference that the officer's decision to initiate the stop was motivated by race or another protected class."  <u>Commonwealth</u> v. <u>Long</u>, 485 Mass. 711, 713 (2020).  The defendant did not argue an equal protection violation in his motion to suppress, nor did he offer evidence of his claim on appeal.  Moreover, there is no evidence in the record to suggest that the trooper knew the defendant's race when he stopped him.

3. <u>Records of the registry of motor vehicles</u>.  "[P]ublic records are generally admissible absent confrontation . . . because — having been created for the administration of an entity's affairs and not for the purpose of establishing . . .

[a] fact at trial — they are not testimonial." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324 (2009).

The records of the registry of motor vehicles of the defendant's driving history and notices of suspension are public records prepared in the ordinary course of business and are not testimonial. See Commonwealth v. Parenteau, 460 Mass. 1, 10 (2011).

Similarly, the certificate of authenticity, though prepared in anticipation of trial, is "a clerk's affidavit authenticating an official record" and "is not testimonial for purposes of the confrontation clause." Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 904 (2010), citing Melendez-Diaz, 557 U.S. at 322. Therefore, their admission did not violate the confrontation clause.[2]

4. Sufficiency of the evidence. "In assessing the sufficiency of the evidence, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any

_____

[2] The record included an additional certification which states: "I further certify in accordance with G. L. [c. 90, § 23], that there has since been no reinstatement of [the defendant's] license or right to operate motor vehicles in the Commonwealth of Massachusetts." This certification is testimonial, and its admission violated the defendant's right to confrontation. See Parenteau, 460 Mass. at 8. However, because the defendant was acquitted of the charge of unlicensed operation of a motor vehicle and it bore no relation to the charge of which the defendant was convicted, we discern no substantial risk of a miscarriage of justice.

4

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Davis, 487 Mass. 448, 462 (2021), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

The Commonwealth presented sufficient proof of impairment to allow a rational trier of fact to conclude that the defendant was operating a motor vehicle under the influence of intoxicating liquor.  The arresting trooper testified that the defendant had bloodshot and glassy eyes, slurred speech, and a moderate odor of alcohol that followed the defendant.  The physical evidence recovered during the motor vehicle stop included a mostly empty Coronita beer bottle found in the driver's side door pocket of the defendant's car.  The defendant's conduct, abruptly pulling over to allow the trooper in a fully marked State Police Cruiser to pass him, suggested consciousness of guilt.

Taken together, the evidence was sufficient to support a finding that the defendant operated a motor vehicle under the influence of intoxicating liquor.[3]

                                    Judgment affirmed.

                                    By the Court (Green, C.J.,
                                      Neyman & Englander, JJ.[4]),

                                    Assistant Clerk

Entered:  March 5, 2024.

---

[3] The defendant raises a variety of other claims, many of which are unsupported by reasoned analysis or relevant authority.  As such, they fail to rise to the level of adequate appellate argument as required by Mass. R. A. P. 16(a) (9), as appearing in 481 Mass. 1628 (2019).  See Commonwealth v. Beverly, 485 Mass. 1, 16 (2020).  To the extent that we do not address the defendant's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.'" Commonwealth v. Sosa, 493 Mass. 104, 124 n.12 (2023), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[4] The panelists are listed in order of seniority.