## COMMONWEALTH vs. YARDLEY Y., a juvenile.

Hampshire. October 1, 2012. - January 29, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Practice, Criminal,* Plea, New trial, Interpreter, Transcript of hearing, Affidavit, Juvenile delinquency proceeding, Assistance of counsel. *Constitutional Law,* Plea, Assistance of counsel. *Due Process of Law,* Plea, Assistance of counsel. *Interpreter.*

A Juvenile Court judge did not abuse her discretion in denying a defendant's motion for a new trial, where, as to the defendant's claim that the judge did not adhere to G. L. c. 221C, mandating that the court provide an interpreter to a non-English speaker, the evidence offered by the defendant was insufficient to rebut the presumption that an interpreter was present [227-230]; and where the defendant failed to meet his burden on his claim that he was denied effective assistance of counsel, in that he provided no information about defense counsel's actions except for docket entries and affidavits of the defendant, his mother, and the victim in the case [230-231].

COMPLAINT received and sworn to in the Hampshire County Division of the Juvenile Court Department on August 2, 1995.

A motion for a new trial, filed on November 16, 2009, was heard by *Lillian Miranda,* J., and a motion for reconsideration was heard by her.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Barbara Kaban* for the juvenile.

*Steven Greenbaum,* Assistant District Attorney, for the Commonwealth.

IRELAND, C.J. We granted the defendant's application for further appellate review to consider whether the Juvenile Court judge properly denied the defendant's motion for a new trial. The defendant sought to vacate his plea because he did not knowingly and voluntarily admit to sufficient facts where no interpreter was present during his plea colloquy and where he was denied effective assistance of counsel. The Appeals Court, in a

memorandum and order issued pursuant to its rule 1:28, *Commonwealth* v. *Yardley Y.,* 79 Mass. App. Ct. 1123 (2011), affirmed the denial of the defendant's motion. Because the defendant did not provide sufficient evidence to rebut the presumption of regularity of his plea proceedings and did not demonstrate he was denied the effective assistance of counsel, we affirm the denial of the defendant's motion.

*Facts and procedure.* We present the facts as found by the judge, supplemented by uncontested facts in the record.

The defendant and his mother, Cambodian refugees and native Khmai speakers, came to the United States when the defendant was four years old.[1] In 1995, when the defendant was fourteen years old, he was living at a Buddhist monastery with Cambodian monks in Amherst, where Khmai, rather than English, was generally spoken. On August 2, 1995, a complaint issued from the Hampshire County Division of the Juvenile Court Department charging the defendant with assault and battery by means of a dangerous weapon and indecent assault and battery on a child under the age of fourteen.[2]

It appears that, related to these charges, the defendant's need for an interpreter was recognized. The docket shows that interpreters were ordered for certain court dates, although no entry on the docket indicates that interpreters were actually present when scheduled. Thus when the defendant's case was continued from September 12 to September 19, 1995, the docket shows that the judge rescheduled an interpreter for the new date.[3]

Ultimately, the defendant admitted to sufficient facts on

---

[1] We reference the "Khmai," not "Khmer," language because, in his affidavit, the defendant states his native language is Khmai.

[2] The charge of indecent assault and battery on a child under the age of fourteen that the defendant admitted to, and for which he subsequently had to register with the sex offender registry board, was for "grab[bing] [the victim's] front parts." The victim, another Cambodian young man, later filed an affidavit in support of the defendant's motion for a new trial in which he recanted his allegation. See *infra.*

[3] The docket comprises nearly the entire record in this case because the actual case file could not be located in the Judicial Court archives and tape recordings of the proceedings are inaccessible. We have accepted in the past that unavailable court material presumably has been destroyed in accordance with court rules. See *Commonwealth* v. *Grant,* 426 Mass. 667, 670 (1998)

October 17, 1995, and was placed on probation. The court's record of the defendant's plea colloquy is a stamp that states "Colloquy Given ＿＿＿ Tender of Plea or Admission Form Filed and Waiver Signed" with the blank line left blank. The docket indicates an interpreter was ordered for the defendant's October 17, 1995, court date, as well as for the November 21, 1995, court date set for disposition.

In 1996, the defendant was committed to the Department of Youth Services (DYS) after he violated the terms of his probation. In 2009, the defendant, as an adult, sought to vacate his pleas, asserting that no interpreter had been present at his plea hearing, and therefore he was denied the assistance of his parent, and that his counsel did not provide effective assistance. In the affidavit that he submitted in support of his motion, the defendant stated that he did not understand that he was admitting to a sexual offense, did not know what a trial was, had spoken to his mother in court in Khmai, did not remember speaking to an attorney until the day of his plea, and did not remember an interpreter ever being in court with him and his mother.

The defendant's mother submitted an affidavit stating that, at the time of the defendant's plea colloquy, she did not read or write English. She also stated that no interpreter was present to help her during court proceedings, although "[t]here was someone translating for the other family . . . but he would not help [her]."[4] The victim also submitted an affidavit.[5] The defense attorney representing the defendant in 1995 did not provide an affidavit or other information about the specifics of the case.

As evidence he did not understand his guilty plea, the defendant included a 1996 report by DYS, as well as a 1996 educational report discussing his educational skills. The educational report

(tape recordings of plea proceedings erased "presumably pursuant to Rule 211 [A] [4] of the Special Rules of the District Courts [1997]"); *Commonwealth v. Pingaro*, 44 Mass. App. Ct. 41, 43 (1997), citing S.J.C. Rule 1:12, as appearing in 382 Mass. 717 [1981]).

[4]In her affidavit, the defendant's mother also stated that her son's attorney did not speak Khmai, that she did not understand the judge while in court, and that she believed her son was in court because of tattooing, not because of a sexual offense.

[5]An affidavit submitted by the victim states that the defendant had not sexually assaulted him, did not force him to join a gang, and did not force him to get a tattoo.

states that his school attendance had been infrequent while he had lived in the United States, and that the defendant was "significantly below grade level" with "serious gaps in all subject matters." The report also stated that the defendant's reading was weakest "in the areas of decoding and vocabulary . . . when reading subject material" and that the defendant sometimes needed assistance with tasks that were at the fourth or fifth grade level.

After conducting a hearing, the judge, who had also been the plea judge, denied the defendant's motion. She found that the practice for recording the presence of interpreters was that an interpreter would be ordered, and proceedings would be continued if the interpreter was not there. She stated that the court has never documented and is not bound to document the presence of an interpreter. The judge also stated that, as a matter of practice, she adapts the colloquy given to juveniles to "about a sixth-grade level."

The judge noted disparities in the affidavits concerning the presence of an interpreter, including the statement of the defendant's mother that someone in the court room was interpreting, but not for her. The judge had "a very hard time with the affidavits and relying on them to support [the defendant's] position." The judge found that, based on the record and the affidavits, the defendant failed to prove he was not provided an interpreter, and therefore did not prove he lacked understanding or knowledge when he admitted to sufficient facts.

The defendant moved for reconsideration. At the hearing on that motion, the defendant introduced an affidavit from the chief financial officer of the Committee for Public Counsel Services (CPCS) stating that the organization's financial records indicate that counsel was appointed for the defendant in 1995. The records do not show, however, any payment for the defendant's representation. The affidavit also states there is no indication that CPCS paid for interpreter services for this case. The judge found that the missing financial accounting did not change the balance. The judge stated that the law presumes pleas are voluntary, and noted, as she had previously, that the affidavits demonstrated that there was someone in the court room interpreting during the plea proceedings. The Appeals Court affirmed

the denial of the motion; however, the court acknowledged that one member of the panel raised concerns that the defendant did not receive the adult or parental guidance that our cases have indicated should be available when a child waives fundamental rights.

*Discussion.* A defendant may withdraw a guilty plea where the plea was not made freely and voluntarily. *Commonwealth* v. *Sherman,* 451 Mass. 332, 335 (2008), citing *Boykin* v. *Alabama,* 395 U.S. 238, 242-243 (1969). The appropriate method to challenge a plea is a motion for a new trial, which the judge has the discretion to allow or deny. *Commonwealth* v. *Sherman, supra* at 334. We review under an abuse of discretion standard. *Commonwealth* v. *Burgos,* 462 Mass. 53, 60 (2012).

When accepting a plea, a judge must be "satisfied that the plea [was] voluntary and that the defendant [understood] the nature of the charges." *Commonwealth* v. *Quinones,* 414 Mass. 423, 431 (1993). This court has recognized that, in the context of rights under the Fifth Amendment to the United States Constitution, "juveniles frequently lack the capacity to appreciate the consequences of their actions and [the law] seeks to protect them from the possible consequences of their immaturity." *Commonwealth* v. *A Juvenile,* 389 Mass. 128, 135 (1983) (juvenile did not voluntarily waive Miranda rights). Where a juvenile is fourteen or older, "there should ordinarily be a meaningful consultation with the parent, interested adult, or attorney" to ensure the juvenile has knowingly and intelligently waived a right. *Commonwealth* v. *MacNeill,* 399 Mass. 71, 77-78 (1987), quoting *Commonwealth* v. *A Juvenile, supra* at 134 (juvenile had opportunity to consult with "sufficiently interested" adult, his grandparent, about waiving Fifth Amendment rights).

Generally, the prosecution bears the burden to show that a defendant understandingly and voluntarily pleaded guilty, but where there is a delay "for a lengthy period of time, so that the contemporaneous record of the plea is lost," the burden shifts to the defendant, who must rebut the presumption that he had a fair trial. *Commonwealth* v. *Lopez,* 426 Mass. 657, 660-661 (1998). In challenging his plea, the defendant must "provide sufficient credible and reliable factual evidence" to overcome the presumption that the judge properly conducted his plea proceeding.

*Id.* at 663. See *Commonwealth v. Gautreaux*, 458 Mass. 741, 754 (2011) (where motion for new trial filed more than five years after plea and tape recording of proceedings destroyed, burden on defendant to rebut presumption of regularity).

The defendant claims that the judge did not adhere to G. L. c. 221C, which mandates the court provide an interpreter to a non-English speaker.[6] He claims that the affidavits, the lack of financial documentation showing payment to the defense attorney or an interpreter, the Juvenile Court docket, and documents from DYS and a tutor constitute sufficient evidence to rebut the presumption that an interpreter was present.[7] We disagree. The record demonstrates that, at the time of the defendant's 1995 adjudication, the judge recognized that the defendant may have had difficulty speaking or understanding the English language; accordingly, she ordered an interpreter for the defendant on multiple court dates. We conclude that the judge did not abuse her discretion in finding that the practice in her court room was to continue a case in the absence of an interpreter to ensure a defendant understands court proceedings.[8] The fact that interpreters were ordered for the defendant's other court dates supports the judge's finding that an interpreter was ordered the day of the defendant's plea hearing. The judge used her discretion properly when she relied on her own general practice and the court's general practice of docketing.[9] See *Commonwealth*

---

[6]General Laws c. 221C, § 2, provides that a "non-English speaker, throughout a legal proceeding, shall have a right to the assistance of a qualified interpreter." The statute defines a "non-English speaker" as "a person who cannot speak or understand, or has difficulty in speaking or understanding, the English language because he uses only or primarily a spoken language other than English." G. L. c. 221C, § 1.

[7]In his brief, the defendant cites articles from law journals and other sources concerning juveniles involved in the court system. The defendant also references reports concerning interpreters in courts. According to one report, as of October, 2000, there were only three certified Khmer interpreters and one uncertified Khmer interpreter employed in Massachusetts courts. National Center for State Courts, Operational Review of the Provision of Court Interpreter Services in the Courts of Massachusetts: Technical Assistance Report at 21 (2001). Because this report speaks generally to the court system, not to the specifics of this case, it does not assist the defendant.

[8]As discussed *supra*, the docket shows that, when the defendant's court date was changed, the judge issued a new order for an interpreter.

[9]We agree with judge's statement that there was no requirement to docket the presence of an interpreter. We have previously noted that disputes regarding the

v. *Quinones, supra* at 432 ("We see no impropriety . . . in relying on a judge's customary practice in taking guilty pleas to reconstruct the record"). Moreover, the judge appropriately considered the affidavits and found them inadequate to support the defendant's assertion that he had no interpreter. There was no abuse of discretion. See *Commonwealth* v. *Lopez, supra* (judge may rule on motion based on affidavits or may discredit untrustworthy affidavits).

The defendant's argument that, absent an interpreter, he did not have the opportunity to speak with an informed adult also does not hold sway. When a juvenile is fourteen or older and waiving a constitutional right, he should have a consultation with "the parent, interested adult, *or* attorney" (emphasis supplied). *Commonwealth* v. *MacNeill, supra* at 78. Even if the judge had fully accepted the defendant's and his mother's affidavit, the defendant stated that he spoke to an attorney on the day he pleaded to sufficient facts. He also stated that he spoke to his mother in Khmai in court, when she asked what was happening. Thus, the record indicates that he had an opportunity to speak with at least one interested adult, his attorney,[10] and also communicated with his mother, another interested adult. See *Commonwealth* v. *Tevenal*, 401 Mass. 225, 227 (1987) (although juvenile's mother did not speak English and no court interpreter was present, juvenile had opportunity to consult with his mother and other family members).

The defendant also asserts that, even if an interpreter had been present, he could not have knowingly and voluntarily pleaded to sufficient facts because of his lack of competency, as evidenced in his 1996 educational report. Even if we did not presume the regularity of the proceedings, the record does not indicate the defendant's competency was in question. The educational report, written almost eight months after the defendant's plea, states that the defendant lacked subject matter

---

presence of an interpreter would not occur "if there were a place on the criminal docket sheet to indicate not only whether an interpreter was required, but whether one was, in fact, present at the proceeding." *Commonwealth* v. *Gautreaux*, 458 Mass. 741, 755 (2011). We reiterate our support for such a modification.

[10]The defendant claims the attorney was not competent, but we do not agree. See *infra.*

knowledge, needed assistance with small tasks, and had difficulty comprehending some of the course reading, particularly in subjects where the defendant lacked the vocabulary and decoding skills to understand. Although the defendant argues that the educational report "raises doubts that he possessed the necessary cognitive abilities" knowingly and voluntarily to waive his rights, the report neither indicates that the defendant possessed delayed or diminished cognitive abilities nor suggests that he was legally incompetent at the time of the plea.[11] Further, we give due deference to the judge, who properly used her discretion to determine whether the defendant pleaded knowingly and voluntarily at the time of his plea. See *Commonwealth* v. *Quinones, supra* at 431.

The defendant's second claim is that he should be granted a new trial because he was denied effective assistance of counsel. He argues that counsel took "no discernible action to protect [the defendant's] rights," including not conducting a competency hearing, not requesting funds for an investigator, not assessing the defendant's language ability, and failing to file appropriate motions.

The defendant bears the burden to show that he is entitled to a new trial based on a claim that he was denied effective assistance of counsel. *Commonwealth* v. *Comita*, 441 Mass. 86, 90 (2004). Where counsel's conduct falls "below that which might be expected from an ordinary fallible lawyer" and if that conduct prejudiced the defendant by depriving him "of an otherwise available, substantial ground of defence," counsel has not provided effective assistance. *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

Here, the defendant brings this claim more than ten years after he pleaded to sufficient facts, and the existing record is

[11]In his brief, the defendant cited to law review articles and other journal articles to support his view that juveniles may not necessarily know or understand proceedings in court because of their age. We appreciate and understand the "unique and protected status" of juveniles, *Commonwealth* v. *A Juvenile*, 389 Mass. 128, 132 (1983). However, we defer to the judge who bears the responsibility to ensure the defendant has made a knowing and voluntary waiver. *Commonwealth* v. *Quinones*, 414 Mass. 423, 431 (1993). See *Commonwealth* v. *Cain*, 361 Mass. 224, 228 (1972) (court must use "special caution" when reviewing juvenile's decision to waive a right).

limited at best. There is no information about the defense attorney's actions except for docket entries and the affidavits of the defendant, his mother, and the victim in the case.[12] The defendant offered no other evidence to support this assertion, such as an affidavit from the defense attorney documenting the attorney's efforts for this case. We conclude that the defendant has not met his burden to show that defense counsel did not act with the advocacy of an ordinary fallible lawyer. See *Commonwealth* v. *Fenton F.*, 442 Mass. 31, 40-41 (2004) (no ineffective assistance of counsel where defense attorney recommended that defendant accept plea offer).

> *Order denying motion for a new trial affirmed.*

---

[12]In her affidavit, appellate counsel averred that the defense attorney did not recall the case. Even if the judge had accepted this affidavit, this information does not help the defendant.