COMMONWEALTH *vs.* MUNIUR M., a juvenile. March 18, 2014. *Delinquent Child. District Court,* Delinquent child. *Practice, Criminal,* Juvenile delinquency proceeding, Admission to sufficient facts to warrant finding, Plea, New trial. *Evidence,* Juvenile delinquency, Guilty plea.

A District Court judge allowed the juvenile's motion to vacate his admission to sufficient facts and for a new trial on the ground that the admission was coerced. The Commonwealth appealed, and the Appeals Court reversed. *Commonwealth* v. *Muniur M.*, 83 Mass. App. Ct. 1132 (2013). We granted the juvenile's application for further appellate review. *Commonwealth* v. *Muniur M.*, 466 Mass. 1106 (2013). We now vacate the judge's order and remand for further proceedings.

*Background.* In 1992, the juvenile, who was fourteen years old, was charged in the juvenile session of the District Court with delinquency by reason of rape of a child with force under G. L. c. 265, § 22A. It was alleged that he digitally raped a female, who was thirteen years old, with whom he attended middle school. The juvenile later admitted to sufficient facts to warrant an adjudication of delinquency on the charge of statutory rape. When he made this admission, his father was pursuing several State and Federal lawsuits against the city of Pittsfield alleging racial discrimination resulting in his termination as a police officer from the Pittsfield police department. A District Court judge ordered that the juvenile submit to a presentence evaluation pursuant to G. L. c. 123, § 15 (*e*).

The evaluator met with the juvenile's parents separately, with the juvenile alone, and with all three together. The evaluator observed that the juvenile was "very withdrawn, staring out the window and answering questions in barely audible, short responses" when he was in his father's presence, but "far more animate[d] and responsive" when he was alone. She opined that there was "some underlying depression," which was probably caused by the strain on his father and family as a result of the pending lawsuits. The father appeared to be so preoccupied with his own legal situation that it was difficult to keep him focused on his son. The mother complained that the father was similarly preoccupied at home. The evaluator recognized that both parents were "appropriately concerned" about the juvenile. They acknowledged that he had engaged in some wrongdoing and indicated that they would act in his best interests. Based on these observations, the evaluator concluded that "[t]he line of communication seems to be breaking down in this family both

between [the] children and parents and between the parents themselves." She recommended that the probation department closely monitor the juvenile and his family and that the entire family submit to therapy. After receiving the presentence evaluation, the judge adjudicated the juvenile delinquent and committed him to the Department of Youth Services, but suspended the commitment and placed him on probation for one year with conditions that included no contact with the victim outside of school.

In 2011, over eighteen years later, the juvenile filed a motion to vacate his admission and for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). He requested an evidentiary hearing. In his motion, the juvenile alleged that his father, concerned not only with the best interests of the juvenile but also with his own interests, forced the juvenile to admit to sufficient facts. The motion was supported by the presentence evaluation, a decision by the United States Court of Appeals for the First Circuit concerning the resolution of his father's lawsuits, several newspaper articles about his father, and two affidavits, one by the juvenile and the other by his father. In his affidavit, the juvenile claimed that although he did not want to admit guilt and wanted to go to trial, his father "forced" him to "make a deal" and "say [he] was guilty." His father allegedly warned him that he would be unfairly tried by some of the same people who were involved in his father's lawsuits, and also expressed concern that the juvenile's trial would have an impact on the father's lawsuits. The juvenile averred that he felt pressured to resolve his own legal situation so that it would not affect his father's case. In his own affidavit, the father made similar claims and stated that although the juvenile did not want to admit to sufficient facts, the father "forced" him to do so.

In support of the motion, the juvenile did not submit the colloquy of his admission to sufficient facts. While the docket reflects that a "colloquy [was] given," the contemporaneous record of the colloquy appears to be unavailable. In addition, the juvenile did not submit an affidavit from the counsel who was assigned to represent him in the juvenile session of the District Court. In an affidavit, the juvenile's current counsel represented that the juvenile's former counsel claimed that he did not have any memory of representing the juvenile.

Another District Court judge, who was not the judge who had accepted the juvenile's admission and adjudicated him delinquent, conducted a nonevidentiary hearing. She allowed the motion and made oral findings. She credited the juvenile's claims of coercion primarily based on the affidavits and the contemporaneous presentence evaluation. She did not expressly address the issue whether the juvenile demonstrated a "substantial issue" that warranted a further evidentiary hearing. See *Commonwealth* v. *Marrero*, 459 Mass. 235, 240 (2011); *Commonwealth* v. *Shuman*, 445 Mass. 268, 278 (2005).

*Discussion.* A motion to vacate an admission to sufficient facts is treated as a motion for a new trial. "The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). In determining whether to conduct an evidentiary hearing, both the seriousness of the issue raised and the adequacy of the showing on that issue must be considered. See *Commonwealth* v. *Marrero, supra*; *Commonwealth* v. *Shuman, supra.* When a substantial issue has been raised, and supported by a substantial evidentiary showing, the judge "should hold an evidentiary hearing." *Com-*

monwealth v. *Marrero, supra,* quoting *Commonwealth* v. *Stewart,* 383 Mass. 253, 260 (1981). See Reporters' Notes to Rule 30, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1662 (LexisNexis 2012-2013) (recognizing that when "substantial issue" is raised, "better practice" is to conduct evidentiary hearing). We review under an abuse of discretion standard. *Commonwealth* v. *Yardley Y.,* 464 Mass. 223, 227 (2013), citing *Commonwealth* v. *Burgos,* 462 Mass. 53, 60, cert. denied, 133 S. Ct. 796 (2012).

The allegations in the affidavits, if true, raise serious issues whether the juvenile was coerced into making his admission. The motion judge found that his claims of coercion were credible when the supporting affidavits were read in conjunction with the contemporaneous presentence evaluation, which described his behavioral and emotional changes in the presence of his father and attributed those changes to some depression caused by the strain on his father and family. The motion judge's findings, at the very least, call into question whether the juvenile, who was fourteen years old, had the capacity to make an admission and received an opportunity for meaningful consultation with his parents or another interested adult in order to ensure that his admission was voluntarily made. See *Commonwealth* v. *Yardley Y., supra* at 227. In these circumstances, the better course would have been for the judge to allow evidence to be taken (and tested by cross-examination) on the substantial issue of the voluntariness of the juvenile's admission. For these reasons, we vacate the motion judge's order and remand the matter for an evidentiary hearing.

We cannot, and do not, address the merits of the question whether the juvenile is entitled to a new trial. The record, in its present state, is inadequate to determine whether a new trial is required.

*Conclusion.* The order allowing the motion for a new trial is vacated, and the matter is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

*Lois J. Martin* for the juvenile.

*Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.