The defendant, Jorge Lugo, appeals from the order denying his motion for a new trial seeking to withdraw his guilty pleas to three counts of indecent assault and battery on a child under the age of fourteen,[2] which was decided without an evidentiary hearing. We vacate the order and remand for an evidentiary hearing.
Background. On the first date this case was called for trial, defense counsel (ultimately, plea counsel) informed the judge that he was not prepared for trial and bluntly stated that if trial proceeded he would "be ineffective." He added that he had previously informed the Commonwealth and a prior judge that he (plea counsel) would be treating this date as a status date and that he had informed the Commonwealth at least one week earlier that he would not be ready for trial on the appointed day, though he knew the Commonwealth would answer ready for trial and object to a continuance. He also stated that the defendant's expert witness was unavailable that day, that he (plea counsel) did not have his file with him, and that this was his first appearance at a trial on charges of this type. He described quite frankly and with specific detail how unprepared he was. The judge denied a continuance after considering the age of the case, the fact that, by statute, cases of this type are prioritized, and, lastly, that the Commonwealth was prepared that day with a child witness. The defendant then entered the guilty pleas he now seeks to withdraw.
The defendant asserted in his motion, and in an affidavit, that he was forced to accept the pleas, where his counsel was unprepared for trial and the judge denied his request for a continuance. Plea counsel also provided an affidavit fleshing out the extent of his assertion that he would not be able to effectively represent the defendant at trial that day. Counsel's affidavit stated that he had been unable to interview the victims or their parents, he had not met with the defendant to prepare for trial, he was still awaiting telephone records under subpoena, he had not yet prepared for witness cross-examinations, his child forensic psychologist was unavailable for trial on the trial date, he had not prepared a motion to sever, motions in limine, jury voir dire questions, or opening or closing arguments, and he did not even have his file with him.
The same judge who accepted the pleas denied the motion to withdraw the guilty pleas without an evidentiary hearing, finding that defense counsel had been attempting to delay the case from going to trial.
Discussion. A motion to withdraw a guilty plea is treated as a motion for new trial. "The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001). In determining whether to conduct an evidentiary hearing, both the seriousness of the issue raised and the adequacy of the showing on that issue must be considered. See Commonwealth v. Shuman, 445 Mass. 268, 278 (2005) ; Commonwealth v. Marrero, 459 Mass. 235, 240 (2011). When a substantial issue has been raised, and is supported by a substantial evidentiary showing, the judge "should hold an evidentiary hearing." Marrero, supra, quoting from Commonwealth v. Stewart, 383 Mass. 253, 260 (1981). See Reporters' Notes to Rule 30, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1803 (LexisNexis 2017-2018) (when "substantial issue" is raised, "better practice" is to conduct evidentiary hearing). We review under an abuse of discretion standard. Commonwealth v. Yardley Y., 464 Mass. 223, 227 (2013).
The Commonwealth concedes that the judge erred in failing to grant an evidentiary hearing on the motion for new trial based on counsel's forthright representations to the judge. We agree that, in this unusual situation, the defendant has raised a substantial issue warranting an evidentiary hearing. The defendant alleges, with support from plea counsel's statements on the record before the pleas and in his affidavit, that he (the defendant) was forced into a plea because his counsel was completely unprepared for trial and, had the defendant been convicted at trial, he faced a possible sentence of twelve and one-half years of incarceration if the sentences ran consecutively. This raises the serious question whether the defendant's pleas were voluntary. See Commonwealth v. Fernandes, 390 Mass. 714, 720-721 (1984). See also Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 637 (2007) (plea must be both intelligent and voluntary, and not "extracted from the defendant under undue pressure" [citation omitted] ).
The order denying the motion for new trial is vacated, and the case is remanded for an evidentiary hearing and findings on the motion.
So ordered.
Vacated and remanded.

As part of the plea agreement, the Commonwealth dismissed two additional counts of indecent assault and battery on a child under the age of fourteen.