In 2013 the defendant admitted to sufficient facts to support charges of possession of a class B substance and conspiracy to violate drug laws. The case was continued without a finding (CWOF) for six months. Several years later, the defendant moved for a new trial,[2] arguing that plea counsel was constitutionally ineffective for failing to advise him of the immigration consequences of the pleas.[3] After a nonevidentiary hearing, the same judge who accepted the pleas denied the motion. The defendant now appeals. We reverse.[4]
We review a judge's decision on a motion for new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "That discretion, however, is not boundless and absolute." Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting from Commonwealth v. Genius, 402 Mass. 711, 714 (1988). "While we will not disturb a judge's subsidiary findings which are warranted by the evidence, 'ultimate findings and conclusions of law, particularly those of constitutional dimensions, are open for our independent review.' " Commonwealth v. Cousin, 478 Mass. 608, 615 (2018), quoting from Commonwealth v. Walter, 396 Mass. 549, 553-554 (1986).
To establish a claim of ineffective assistance of counsel, the defendant must "show[ ] that his attorney's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that he suffered prejudice because of his attorney's unprofessional errors." Lavrinenko, 473 Mass. at 51, quoting from Commonwealth v. Clarke, 460 Mass. 30, 45 (2011). The Commonwealth concedes that the motion judge erred in concluding that plea counsel provided proper advice to the defendant regarding the immigration consequences of his pleas. See Lavrinenko, 473 Mass. at 51-54 ; Commonwealth v. Henry, 88 Mass. App. Ct. 446, 452-454 (2015). Thus, we need only decide whether the defendant was prejudiced.
In order to prove prejudice, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Clarke, 460 Mass. at 47, quoting from Padilla v. Kentucky, 559 U.S. 356, 372 (2010). This requires the defendant to show "that (1) he had an 'available, substantial ground of defence,' Commonwealth v. Saferian, [366 Mass. 89,] 96 [1974], that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty. Hill v. Lockhart, [474 U.S. 52,] 60 [ (1985) ]." (Footnote omitted.) Clarke, 460 Mass. at 47-48
The motion judge concluded that the defendant failed to establish prejudice because his pleas were "nothing short of a gift to the defendant, and one which no reasonable person would not have taken advantage of." The relevant test, however, is "not whether the defendant was satisfied with the plea bargain at the time, having received inadequate advice about the immigration consequences of a conviction, but whether there is a reasonable probability that, in the absence of counsel's errors, a reasonable person in the defendant's position would have chosen to go to trial ... rather than accept the plea offer." Lavrinenko, 473 Mass. at 61 n.22. For a defendant facing deportation, "[e]ven a small chance of acquittal may be sufficient to show that it was reasonably probable that a person in the position of the defendant would have rejected the plea and insisted on going to trial." Id. at 63. See Commonwealth v. DeJesus, 468 Mass. 174, 184 (2014) ("If an assessment of the apparent benefits of a plea offer is made, it must be conducted in light of the recognition that a noncitizen defendant confronts a very different calculus than that confronting a United States citizen").
We conclude here that the defendant met his burden of showing an available substantial ground of defense -- a motion to suppress -- that he would have pursued had he been advised correctly of the immigration consequences of the pleas. "To show that a 'substantial defense' was available, the defendant need not show that it was more likely than not that such a defense would have resulted in acquittal." Lavrinenko, 473 Mass. at 57 n.19. "The Supreme Court ... requires only that a defendant could have rationally gone to trial in the first place, and it has never required an affirmative demonstration of likely acquittal at such a trial as the sine qua non of prejudice." Ibid., quoting from United States v. Orocio, 645 F.3d 630, 643 (3d Cir.2011), abrogated on other grounds by Chaidez v. United States, 568 U.S. 342 (2013).
In DeJesus the Supreme Judicial Court affirmed the allowance of a motion for new trial, based in part on the judge's findings that the defendant could have filed a motion to suppress that "had significant support in the evidence and law." 468 Mass. at 183. The Commonwealth contends that DeJesus is distinguishable because the judge in this case did not make similar findings. But the judge's statements at the hearing on the motion for a new trial can be read to mean that he found a motion to suppress to constitute a substantial ground of defense. Specifically, when defense counsel offered to explain why a motion to suppress was viable, the judge stated that he did not need to hear about it further, telling counsel, "I've read it in your [motion for a new trial]. I see there was -- it was a result of a stop, and there could've been, certainly, a challenge -- well, at least arguably, there could've been a challenge on the basis of search and seizure. I agree."
Furthermore, even assuming that the judge did not so find, the viability of a motion to suppress depends solely on questions of law, as applied to undisputed facts in the record. An evidentiary hearing and factual findings were therefore not necessary on this point. See Commonwealth v. Sylvain, 483 Mass. 872, 839 (2016); Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 395 (2012). While we need not decide the motion to suppress itself, having reviewed the parties' briefing on the issues that would have been raised therein, we independently conclude that such a motion would have been a substantial ground of defense. Though it may not have resulted in suppression and acquittal, it was at least substantial enough to make it rational for the defendant to have rejected the pleas. See DeJesus, 468 Mass. at 183-184.
This is especially so when we "take into account the particular circumstances informing the defendant's desire to remain in the United States." Id. at 184 (quotation omitted). Though the judge made no findings on this point, he also did not reject the defendant's affidavit detailing his special circumstances. In the context of this case, we do not agree with the Commonwealth that the absence of findings precludes us from considering the affidavit. The Commonwealth did not file a written opposition to the motion, nor did it contest the facts in the affidavit. We are not barred from considering uncontested facts in the record that the judge implicitly accepted. See Sylvain, 473 Mass. at 839 ; Gordon, 82 Mass. App. Ct. at 395.
Moreover, there is evidence corroborating much of the defendant's affidavit, including his allegation that immigration concerns were of specific concern to him when he entered the pleas. Based on our review of the record, we conclude that there is no genuine dispute as to at least the following facts. At the time of the pleas, the defendant was twenty-one years old, a lawful permanent resident, and attending college on scholarship. He arrived in this country from Kenya when he was fourteen years old to live with his mother, who is HIV positive. The defendant and his mother are very close, as detailed in a psychodiagnostic evaluation report. According to the report, both the defendant and his mother would fear for his safety and suffer extreme emotional hardship were he forced to leave the United States and return to Kenya.
In light of these uncontested facts, and the availability of a substantial defense, the record "provide[s] a sufficient basis on which to conclude that there was a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Sylvain, 473 Mass. at 833-834 (quotation omitted). See DeJesus, 468 Mass. at 184 (judge properly allowed motion to withdraw plea where defendant had viable motion to suppress and "he had been in the country since he was eleven years old, his family was in Boston, and he had maintained steady employment in the Boston area"). Cf. Lee v. United States, 137 S. Ct. 1958, 1964, 1968-1969 (2017) (though defendant had no viable defense at trial, it would not have been irrational to reject plea offer where he placed paramount importance on avoiding deportation). The order denying the motion for new trial is therefore reversed, the CWOF dispositions are vacated, and the defendant's admissions to sufficient facts are set aside.[5]
So ordered.
Reversed in part; vacated in part and set aside.

Although the defendant styled his motion as one to "withdraw admission and vacate convictions," in fact, the charges against him were dismissed in March of 2014. We treat the motion as one for a new trial under Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001). See Commonwealth v. Muniur M., 467 Mass. 1010, 1011 (2014).

As the analysis for withdrawing an admission to sufficient facts is essentially the same as that for withdrawing a guilty plea, we use the terms "admission" and "plea" interchangeably.

On June 25, 2018, the defendant filed an assented-to motion to waive oral argument, then scheduled for July 10, 2018, and for the issuance of a decision by June 27, 2018, in light of his imminent deportation. We allowed that motion and on June 26, 2018, issued an order reversing the order denying the motion for a new trial. This memorandum and order states the reasons for our June 26 order.

The order entered on the Appeals Court docket on June 26, 2018, is hereby modified to be consistent with this language.