NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-190

COMMONWEALTH

vs.

JOSEPH E. SCHNUPP, THIRD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 5, 2015, the defendant admitted to sufficient facts to support a finding of guilty on a charge of operating a motor vehicle while under the influence of intoxicating liquor (or .08 percent blood alcohol content) (OUI), in violation of G. L. c. 90, § 24 (1) (a) (1).  The matter was continued without a finding (CWOF) for one year and the defendant's driver's license was suspended for forty-five days.  See G. L. c. 90, § 24D.  As we discuss in more detail below, the evidence against the defendant consisted, in part, of the results of a breath test, which was administered using a Draeger Alcotest 9510 breathalyzer device.  The test showed a blood alcohol content of .18 percent, well above the legal limit of .08 percent.

Approximately seven years later, on or about February 12, 2021, the defendant received a notice from the Executive Office of the Trial Court informing him that he had the right to challenge his CWOF on the ground that all breath tests administered between June 1, 2011, and April 18, 2019, "have been excluded from use in criminal prosecutions."  The defendant then filed a motion to withdraw his admission to sufficient facts claiming that his admission was not knowing and voluntary because at the time he tendered his admission he believed that the breath test results would be admissible, and that the Commonwealth only needed the results of the test to convict him.

The motion was denied in a detailed memorandum and order. On appeal, the defendant argues that the judge abused his discretion by, among other things, concluding that he failed to demonstrate a reasonable probability that he would not have admitted to sufficient facts had he known that the breath test results would have been excluded at trial.

The outcome of this appeal is controlled in all material respects by the Supreme Judicial Court's recent decision in Commonwealth v. Hallinan, 491 Mass. 730 (2023).  In that case, which was decided after the ruling at issue here, the court concluded that the defendant should be permitted to withdraw her admission to sufficient facts for two reasons.  First, because "defendants who pleaded guilty or who were convicted after

2

trial, and the evidence against whom included breath test results from [a Draeger] Alcotest 9510 device last calibrated and certified prior to April 18, 2019, are entitled to a conclusive presumption of egregious government misconduct."[1] Id. at 731. And second, despite proof of impairment (red and glassy eyes, odor of alcohol, slurred speech, inability to complete field sobriety tests, and "dazed" appearance), and the defendant's admission that she had three alcoholic drinks, the court concluded that the reported breathalyzer result of .23 percent was the most inculpatory piece of evidence. Id. at 732, 750. The court's reasoning and the similarity of the circumstances presented in Hallinan to those presented here lead us to conclude that we must reach the same result and, therefore, we reverse the order denying the defendant's motion to withdraw his admission.

Background. Given the passage of time, there is no recording of the hearing at which the defendant admitted to

---

[1] The court described the government misconduct at issue in detail and specifically noted that the Office of Alcohol Testing (OAT), a division of the State Police Crime Laboratory responsible for the Commonwealth's breath testing program, has been found to have engaged in a "disturbing pattern of intentionally withholding exculpatory evidence . . . dating back at least as early as June 2011." Hallinan, 491 Mass. at 733-743, 745.

sufficient facts.  We therefore summarize the facts from the judge's memorandum of decision and order.

During the course of investigating a car accident in the early morning hours of March 1, 2015, Sergeant David Sedgwick of the Rowley police department went to a residence located at 159 Leslie Road.  The owner of a car that had been abandoned at the scene of the accident resided at that address.  On his arrival, Sergeant Sedgwick encountered the defendant sitting in the driver's seat of a black Dodge Ram pickup truck that was idling at the bottom of the driveway.  The truck was partially in the road.  After speaking with individuals inside the residence, Sergeant Sedgwick learned that they and the defendant had just returned from a military ball.  He then spoke with the defendant and informed him that the truck had to be moved.  The defendant was nervous and had a strong odor of alcohol on his breath.  The defendant's speech was slurred, his eyes were red and glassy, and his movements were deliberate and methodical.  Sergeant Sedgwick instructed the defendant to move his truck completely into the driveway and to remain at the residence that evening.

The defendant, however, did not follow Sergeant Sedgwick's instructions.  Soon thereafter, he was seen driving the truck and was stopped by Sergeant Sedgwick.  The defendant's reaction to the cruiser's lights was slow, and he drove in and out of the shoulder of the road before stopping.  When asked to step out of

4

the truck, the defendant staggered. He refused to perform field sobriety tests and claimed the police had set him up. The defendant was placed under arrest and transported to the police station.

During the booking process, the defendant became agitated and appeared panic stricken; the defendant complained of chest pains, but refused medical treatment. He admitted that he was impaired and he stated, in a clear reference to his blood alcohol content, that he believed he was "around a 'point one.'" The defendant opted to provide a breath sample, which was tested on a Draeger Alcotest 9510 device. The test revealed a much higher blood alcohol content of .18 percent.

As previously noted, the defendant was charged with OUI and subsequently admitted to sufficient facts to warrant a finding of guilty. Years later, when it came to light that the results of the breath test results obtained from a Draeger Alcotest 9510 device were deemed inadmissible, he filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).[2] The motion was supported by an affidavit in which the defendant averred that he "was told that the

---

[2] "An admission to sufficient facts to warrant a finding of guilty is treated as a guilty plea for the purposes of a motion for a new trial." Commonwealth v. Scott, 467 Mass. 336, 337 n.1 (2014).

Commonwealth would only need the results of the test to convict [him] and that [he] was 'per se' guilty because of the test results." According to the defendant, had he known that the breathalyzer test results could not be used against him at trial, "[his] decision to pursue a trial would have been an easy one." Following a hearing before the same judge who imposed the CWOF, the defendant's motion was denied.[3],[4]

Discussion. We review the denial of the defendant's motion to withdraw his admission for abuse of discretion or significant error of law. See Commonwealth v. Yardley Y., 464 Mass. 223, 227 (2013).

The judge properly evaluated the defendant's claim under the so-called Scott/Ferrara test. See Commonwealth v. Scott, 467 Mass. 336, 346 & n.5 (2014), and Ferrara v. United States, 456 F.3d 278, 290-291 (1st Cir. 2006). The test applies where, as here, a defendant seeks to vacate an admission to sufficient facts as involuntary due to subsequently revealed evidence of

---

[3] We do not ignore the judge's conclusion that the defendant's affidavit was self-serving or the principle that "we extend special deference" to a judge's decision where, as here, the motion judge is the same judge who presided over the defendant's admission. Commonwealth v. Sharpe, 454 Mass. 135, 147 (2009). We nonetheless conclude that Hallinan constrains us to reverse.

[4] Briefing and argument in this court were stayed pending resolution in the Supreme Judicial Court of Hallinan, 491 Mass. at 730.

6

government misconduct.  Under that test, the defendant must demonstrate (1) "that the guilty plea was preceded by 'particularly pernicious' government misconduct that was the source of the defendant's misapprehension of some aspect of his case"; and (2) "a reasonable probability that [the defendant] would not have pleaded guilty had he known of [the governmental] misconduct."  Scott, supra at 347, 354-355, quoting Ferrara, 465 F.3d at 291.

The judge concluded that the defendant failed to meet his burden under both prongs of the test.  As we have previously noted, at the time he issued his ruling, the judge did not have the benefit of the Hallinan decision.  Thus, as the defendant correctly contends, and the Commonwealth concedes, he is entitled to a presumption of egregious government misconduct.  Accordingly, the only issue before us is whether the judge abused his discretion in concluding that the defendant failed to show there was a reasonable probability that he would not have admitted to sufficient facts in the circumstances.

The second prong of the test requires an examination of the totality of the circumstances, guided by the factors delineated in Scott, 467 Mass. at 355.  See Hallinan, 491 Mass. at 750. The judge properly addressed all these factors in rendering his decision.  However, as the court in Hallinan, supra at 744-745, explained, the defendant need only show that the misconduct

7

influenced his decision to admit to sufficient facts.  Here, the evidence of the defendant's impairment, apart from the breath test, is sufficiently similar to the evidence of impairment present in Hallinan, supra at 750, such that we conclude there exists a reasonable probability that the defendant would not have admitted to sufficient facts had he known that the breath test results could not be used against him at trial.[5]  Similar to the court in Hallinan, we view the evidence of the defendant's breathalyzer result of .18 percent, which was more than double the legal limit of .08 percent, as the "'crown jewel' -- the most inculpatory piece of evidence against the defendant."  Id.

---

[5] To be sure, there are some differences in the facts between the cases.  For example, the police had less interaction with Hallinan than they did with the defendant here, and while Hallinan admitted that she had been drinking, the defendant made a potentially more inculpatory admission when he surmised that his blood alcohol content was over the legal limit.  Contrast Hallinan, 491 Mass. at 750.  In addition, we note that the defendant did not provide an affidavit from his attorney to support his contention that he was "told" the Commonwealth needed only the breath test results to convict him, whereas Hallinan's motion was supported by an affidavit from her attorney who averred that had he known that the breath test was not admissible, he would have advised her to proceed to trial. See id. at 751.  Generally, the absence of an affidavit from counsel renders the defendant's position less credible.  E.g., Commonwealth v. Lys, 91 Mass. App. Ct. 718, 722 (2017).  Here, however, given that the defendant did not learn of the governmental misconduct until seven years after he appeared in court, we are not inclined to hold the absence of an affidavit against him.

Conclusion. The order denying the defendant's motion to withdraw his admission to sufficient facts is reversed and the matter is remanded to the District Court for further proceedings.

So ordered.

By the Court (Vuono, Rubin & Smyth, JJ.[6]),

*[signature: Anne M. Thomas]*

Assistant Clerk

Entered: June 13, 2024.

---

[6] The panelists are listed in order of seniority.