NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-820

COMMONWEALTH

vs.

JARED GIL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial of his motion to withdraw his guilty plea and for a new trial.  Relying on Commonwealth v. Donnell, 495 Mass. 471, 483-484 (2025), he contends that his plea to firearms charges must be vacated because the nonresident firearm licensing scheme in effect at the time of his arrest was facially unconstitutional.[1]  However, in Commonwealth v. Rodriguez, 496 Mass. 627, 642 n.8 (2025), the Supreme Judicial Court abrogated its holding in Donnell that the

---

[1] The defendant did not bring an as-applied challenge to the licensing scheme nor dispute the Commonwealth's assertion that he did not have standing to bring such a challenge because he never applied for a firearm license in Massachusetts.  See Commonwealth v. Marquis, 495 Mass. 434, 440 (2025), petition for cert. filed, U.S. Supreme Ct., No. 25-5280 (July 31, 2025).

nonresident firearm licensing statute, G. L. c. 140, § 131F, as in effect prior to August 10, 2022, was facially unconstitutional.[2]  We therefore affirm the denial of the defendant's motion.

Background.  On April 6, 2023, the defendant pleaded guilty in the District Court to carrying a firearm without a license, G. L. c. 269, § 10 (a); possession of ammunition without a firearm identification card, G. L. c. 269, § 10 (h); and improper storage of a firearm, G. L. c. 140, § 131L.  At the plea hearing, the defendant admitted to the following facts.  On April 28, 2018, Lawrence police officers responded to a report of a gun.  When they arrived at the area of the call, officers heard gunshots and saw a vehicle being driven by the defendant speeding and failing to stop at a stop sign.  The officers stopped the defendant and noticed bullet holes in the vehicle's front bumper and through its license plate, as well as spent shell casings inside the vehicle.  After obtaining a search warrant, the officers searched the vehicle and found a firearm. At the plea hearing, the prosecutor stated that the defendant "did not have an active license to carry" but did not indicate whether the defendant was a Massachusetts resident.

---

[2] The court issued its decision in Commonwealth v. Rodriguez, 496 Mass. 627 (2025), on September 30, 2025, the day before oral arguments on the defendant's appeal in this case.

2

A week after the defendant's guilty pleas, on April 13, 2023, the Supreme Judicial Court, applying the framework set out by the Supreme Court in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 32-33 (2022) (Bruen), held that lack of licensure is an element of crimes charged under G. L. c. 269, § 10 (a) and (h). See Commonwealth v. Guardado, 491 Mass. 666, 690 (2023) (Guardado I). In September 2023, the Supreme Judicial Court concluded that retrial was permitted on cases reversed based on the Commonwealth's failure to prove a defendant's lack of firearms licensure and tried prior to Guardado I. See Commonwealth v. Guardado, 493 Mass. 1, 6-7 (2023) (Guardado II).

In December 2023, the defendant filed a motion to vacate his guilty plea, and then in January 2024, a supplemental motion to vacate his guilty plea and for a new trial.[3] As relevant here, the defendant asserted that Massachusetts laws proscribing possession of firearms impermissibly infringed upon his right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution, he was a New Hampshire resident at the time of his arrest, and the applicable nonresident firearm licensing scheme was facially unconstitutional. The plea judge

---

[3] The defendant previously had filed pro se motions to vacate his plea and for a new trial, which were denied without a hearing. They are not the subject of this appeal.

held an evidentiary hearing, after which he denied the motion without determining the defendant's residence at the time of the offenses. After the judge's ruling issued on April 30, 2024, the judge on July 11 included an addendum noting that Donnell was then pending in the Supreme Judicial Court, and the lack of "a specific finding as to 'residency' should not prejudice either part[y's] right to fully address that issue, either in the context of it being an element of the offense or as an affirmative defense."

Discussion. The appropriate method to challenge the validity of a plea is a motion for a new trial, and we review a judge's decision on such a motion for an abuse of discretion. Commonwealth v. Yardley Y., 464 Mass. 223, 227 (2013). "A defendant may withdraw a guilty plea where the plea was not made freely and voluntarily." Id. The defendant argues alternatively for dismissal of the charges or a new trial, but he premises both arguments on the facial unconstitutionality under Donnell of the Massachusetts nonresident firearm licensing scheme in effect at the time of his offenses.[4] See G. L. c. 140,

---

[4] The legislature updated the language in the statute in 2022 to replace "may issue" with "shall issue." See G. L. c. 140, § 131F, as amended by St. 2022, c. 175, §§ 17B to 22 (effective Aug. 10, 2022).

4

§ 131F, as amended through St. 2014, c. 284, §§ 61, 62 (effective Jan. 1, 2015).

The version of licensing scheme applicable here included the type of discretionary language that the Supreme Court rejected in Bruen.  See Donnell, 495 Mass. at 472.  Donnell held that the part of the licensing scheme that violated the Second Amendment was not capable of severance, thus the entire statute was facially unconstitutional.  Donnell, supra at 483.  In Rodriguez, however, the Supreme Judicial Court reasoned that there was a set of circumstances, not taken into account in Donnell, under which the earlier nonresident firearm licensing scheme was constitutional:  when applied to those denied a firearm license because of a conviction for a felony or a violent crime.  Rodriguez, 496 Mass. at 641-642.  The court held that "[t]o the extent that this omission [in Donnell] is called into question by today's opinion, Donnell is hereby abrogated." Id. at 642 n.8.

Where the defendant's appeal relies entirely on the facial unconstitutionality of the nonresident firearm licensing scheme, the Rodriguez holding is fatal to his claims.[5]  The motion for a new trial was properly denied.

Orders denying motion for new
   trial affirmed.

By the Court (Grant,
   Brennan & Smyth, JJ.[6]),

Clerk

Entered:  December 2, 2025.

---

[5] Because the Rodriguez decision was released the day before oral argument, we permitted the parties to file supplemental memoranda addressing the change in law.  See Mass. R. A. P. 22 (c) (2), as appearing in 481 Mass. 1651 (2019).  We are not persuaded by the defendant's argument that his facial challenge is distinguishable from the one brought in Rodriguez.  Although the resident licensing scheme in Rodriguez had slightly less discretionary language than the nonresident licensing scheme at issue here, both contained language prohibiting licenses for felons or violent criminals.  Rodriguez, 496 Mass. at 642 n.8. With these prohibitions, at least some applications of the nonresident licensing statute were constitutional.  Id. at 640, citing United States v. Rahimi, 602 U.S. 680, 693 (2024) (to succeed on facial challenge to statute, defendant must establish statute is unconstitutional in every application).

[6] The panelists are listed in order of seniority.